JOHN J. CORNISH v. NORTH JERSEY STREET RAILWAY COMPANY.

Argued November 8, 1905—Decided February 26, 1906.

In actions for personal injuries damages are not mitigated by insurance paid to the plaintiff under a contract to which the tortfeasor was a stranger.

On rule to show cause.

Before Justices DIXON, GARRISON and SWAYZE.

For the rule, *Louis Hood.*

*Contra, Hobart Tuttle.*

The opinion of the court was delivered by

GARRISON, J.   By this rule to show cause the plaintiff seeks to set aside a verdict recovered by him upon the ground that the damages are inadequate. The action was for personal injuries. The verdict was for $250. The jury was instructed that the testimony showed that in expenses and earnings the plaintiff had lost $390 as a result of his injuries. The charge then proceeded as follows:

"But his injury produced some benefit to him; that is, he got a chance to call on the insurance company to pay him $8 a week, which was their contract in case he should receive harm, or meet with an accident while at work, I suppose. At any rate, he got $88 from the insurance company, so that he

lost actually in the neighborhood of $310; from $300 to $325; between those figures is the amount he is actually out by reason of this accident, so far as expenditures and loss of earnings are concerned."

This instruction, by which the jury was permitted to give to the defendant the benefit of the plaintiff's insurance, was erroneous.

The fund out of which such payments were made was created in part by the plaintiff's contributions made under a contract with strangers to the defendant, and the tort-feasor was no more entitled to be credited with the sums repaid to the plaintiff under such contracts than it would be to his withdrawal of his accumulations in a savings bank.

The principle is settled for this court by the opinion in *Weber v. Morris and Essex Railroad Co.*, 7 *Vroom* 213, where Chief Justice Beasley says: "A person committing a tort cannot set up in mitigation of damages that somebody else, with whom he has no connection, has either in whole or in part indemnified the party injured."

The rule to show cause is made absolute.