FRANK McMURRAY, Administrator, Appellant, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Respondent.

Springfield Court of Appeals, January 8, 1912.

1. **DEATH BY WRONGFUL ACT: Survival of Action: Administration: Appeal and Error: Res Adjudicata.** A widow brought suit against the defendant to recover damages for the alleged killing of her husband, who at the time of his death in 1904 was an employee of defendant. From the judgment in her favor the defendant appealed to the Supreme Court and before final hearing the widow died. Whereupon her administrator was substituted as respondent. The Supreme Court reversed the judgment and remanded the cause for retrial. To the amended petition on retrial the defendant demurred on the grounds that the administrator of plaintiff had no cause of action against the defendant. *Held*, that the trial court correctly sustained this demurrer and that the mere fact that the Supreme Court remanded the case for a new trial, was not an adjudication that the cause of action survived to the widow's administrator, as such question was not before the Supreme Court.

2. ———: ———: ———: **Where Action Merges Into Judgment.** Where a widow obtains a judgment for the negligent killing of her husband and then dies before the case is finally decided on appeal, it is proper that her administrator should be substituted as party plaintiff, even though the cause of action would not survive to her administrator, for the action had been merged into the judgment, which is a property right. But should the judgment be reversed the administrator would have no interest in and could not prosecute the action.

3. **PRACTICE: Trial: Demurrer to Petition.** It is just as much a trial within the legal sense of the word when the court passes generally on the sufficiency of a petition, as if a number of witnesses had been examined. The first case would be a trial of an issue of law the other an issue of fact.

Appeal from Dade Circuit Court.—*Hon. Carr McNatt,* Judge.

AFFIRMED.

*John L. McNatt* for appellant.

(1) The court·erred in refusing to follow the mandate of the Supreme Court, when it directed that further proceedings be had in the circuit court in conformity with the opinion of this court herein delivered. Nowhere in the opinion is there any authority for the trial court to sustain a demurrer, but the opinion expressly states to the contrary and is the law of this case. McMurray v. Railroad, 225 Mo. 272; Strotman v. Railroad, 228 Mo. 154; Donnell v. Wright, 199 Mo. 314; Hurck v. Erskine, 50 Mo. 119; Carey v. West, 165 Mo. 452; Bealey v. Smith, 158 Mo. 522; Rutledge v. Railroad, 123 Mo. 140; Carroll v. Trans. Co., 107 Mo. 664; Beiming v. Medart, 56 Mo. App. 449; Ordelherd v. Railroad, 80 Mo. App. 369; Zurflush v. Railroad, 46 Mo. App. 643; St. Francis Mill Co. v. Sugg, 206 Mo. 153; State ex rel. v. Judges, 41 Mo. 582; State v. Newkirk, 49 Mo. 472. (2) The Supreme Court, having once revived the action in the name of the plaintiff administrator, while a judgment for the deceased was in full force and effect against the defendant, vested in such administrator a property right in this cause of action, and he can further prosecute the suit as directed so to do in the mandate. Benham v. Railroad, 186 Mo. 445; Millar v. Railroad, 215 Mo. 601.

*Robert T. Railey* and *Edw. J. White* for respondent.

(1) The mandate of the Supreme Court was complied with by the trial court in this case, as the mandate only reversed the case for a new trial. A trial is defined by the code to be a judicial examination of the issues between the parties whether they be issues of

law or of fact.   Breed v. Hobart, 187 Mo. 145.   (2) That there was no survivorship in this case after the death of the plaintiff's intestate, Dora Nimmo, is apparent not only from the dissenting opinion in this case, but from the following decisions of the Supreme Court.   Bates v. Sylvester, 205 Mo. 493; Miller v. Transit Co., 216 Mo. 99; Gilkerson v. Railroad, 222 Mo. 173; Crohn v. Telephone Co., 131 Mo. App. 313.

NIXON, P. J.—This action was commenced in Lawrence county for damages against the St. Louis, Iron Mountain & Southern Railway Company for the alleged negligent killing of one of its employees, Albert P. Nimmo.   The deceased employee was killed in November, 1904, and at the time of his death was a car repair carpenter.   The negligence of the defendant company as stated in the petition was that the defendant failed in its duty to furnish the deceased with a reasonably safe place in which to do his work while he was employed by it in repairing its caboose.   The suit was originally instituted by Dora A. Nimmo, the widow of the deceased, within six months after his death, and she obtained judgment for $5,000 from which the defendent appealed to the Supreme Court. After the appeal had been perfected, Dora A. Nimmo died, and at the suggestion of her attorneys her administrator was substituted as respondent in the Supreme Court, and the cause proceeded to a decision (McMurray v. Railroad, 225 Mo. 272, 125 S. W. 751). Upon the hearing of the case in the Supreme Court, one of the questions presented for decision arose on a demurrer to the evidence filed in the original suit which contested the right of the plaintiff as the widow of the deceased to prosecute the suit.   The Supreme Court held that under the evidence, upon the death of Albert P. Nimmo, the cause of action survived to his wife, Dora A. Nimmo, the original plaintiff in this litigation. That court declared the law of the case as follows:

"We are, therefore, of the opinion that Nimmo and the trainmen were not fellow-servants, and that the cause of action did not abate upon his death, but the same was transmitted to and survived in his widow by virtue of said sections 2864 and 2865." The ruling thus made sustained the trial court in its ruling as to the right of Dora A. Nimmo being a proper party plaintiff in the action. But the Supreme Court found that there were material errors committed by the trial court on other points presented and reversed the judgment and remanded the cause for retrial, the mandate containing the following language: "The court being now sufficiently advised of and concerning the premises, doth consider and adjudge that the judgment aforesaid, in form aforesaid, by the said Lawrence county circuit court rendered, be reversed, annulled and for naught held and esteemed, and that the said appellant be restored to all things which it has lost by reason of the said judgment. It is further considered and adjudged by the court that the said cause be remanded to the said Lawrence county circuit court for further proceedings to be had therein, in conformity with the opinion of this court herein delivered." After this mandate had been filed in the office of the clerk of the circuit court of Lawrence county, the respective parties appeared and plaintiff filed an amended petition, setting out, among other facts, the following: "Plaintiff further states that he is the duly appointed, qualified and acting administrator of the estate of Dora A. Nimmo, by virtue of appointment and qualification from the probate court of Lawrence county, Missouri, said Dora A. Mimmo having departed this life intestate at Lawrence county, Missouri, on or about the 6th day of February, 1906. That the said Dora A. Nimmo, deceased, was the lawful wife of Albert P. Nimmo, at the time of his death, and that the said Albert P. Nimmo, deceased, was killed by the defendant's cars and train operated on said spur switch

on or about the ———day of November, 1904, and within six months thereafter, to-wit, on the 23d day of January, 1905, the said Dora A. Nimmo, deceased, filed her petition in this case for damages on account of the wrongful killing of her said husband, as hereinafter set forth, against the defendant, and that thereafter in this case she recovered a judgment against the defendant herein on account of the wrongful killing of her said husband.'' Afterwards, by agreement of parties, the venue of said cause was changed to Dade county, and in the circuit court of Dade county, by leave of court, the defendant appearing filed its demurrer to the amended petition as follows: (Formal parts omitted.)

"Defendant demurs to the amended petition of the plaintiff and to each count thereof for the following reasons: (1) Said amended petition fails to allege facts sufficient to constitute a cause of action in either count thereof. (2) The court has no jurisdiction of the person of the defendant or the subject of the action. (3) The plaintiff has not legal capacity to sue. (4) The petition showing on its face that the wife of the deceased Albert P. Nimmo is dead and that she died after having appropriated the cause of action against the defendant for his death, the law failing to give a cause of action to the plaintiff as administrator of her estate, there is a total failure of any cause of action in favor of said plaintiff either at common law or under the statutes of Missouri. Wherefore, the defendant prays that the court shall adjudge that the plaintiff has no cause of action under either count of his petition and that it be discharged and have and recover its costs.''

This demurrer was by the court on hearing sustained, and the plaintiff refusing to plead further, final judgment was entered for the defendant, from which this appeal is prosecuted.

It will thus be seen that the vital question for determination in this court is as to the correctness of the action of the circuit court in sustaining the defendant's demurrer to plaintiff's amended petition. The particular question presented for our examination is contained in the fourth ground of the demurrer. The principal contention of the appellant in this court is that the right of the plaintiff as administrator of the estate of Dora A. Nimmo to prosecute this action was determined by the Supreme Court at the time the case as pending before it, and became thereby *res adjudicata*, and that the circuit court was bound by that ruling by virtue of the mandate directing that further proceedings be had in the circuit court in conformity with the opinion of the Supreme Court delivered in said case.

Albert P. Nimmo having been injured and killed prior to the passage of the Act of 1905 (Laws, 1905, p. 138), the right of his survivors to prosecute the suit for damages for his injuries and death, if any, could only be vested in them by the provisions of sections 2864 and 2865, R. S. 1899, the question being in this case whether after the death of the plaintiff (Dora A. Nimmo), the cause of action survived and could be further prosecuted by the administrator of her estate.

In the case of Gilkeson, Adm'r v. Railway Co., 222 Mo. 173, 121 S. W. 138, the facts presented to the Supreme Court were that Philip Ragel and his wife Rose E. Ragel perished in a common railroad collision and it was alleged that their deaths were due to the defendant's actionable negligence. They left surviving them one minor child, Clifford Ragel, who lived four days after the death of his parents, and Gilkeson as administrator of the estate of Clifford Ragel commenced a suit against the defendant for damages caused by the killing of the parents. It was held that the administrator could not maintain the action for the wrongful killing of the child's parents as the cause of

action did not survive, the holding being, in substance, as follows:   (1)   Under the administration act (Secs. 96 and 97, R. S. 1899) the administrator cannot maintain a suit for damages for personal injuries resulting in the death of his intestate. Those sections in permitting an action to be brought by the administrator of "the person injured" for "all wrongs done to property, right or interest of" such injured person, refer to wrongs done to the property rights and interests only.   (2)   The sum of $5,000 which a wife or children of a person killed by the wrongful act of another may recover under Sec. 2864, R. S. 1899, is not compensation for a pecuniary loss. The one, or the others, may recover that sum whether or not either have sustained any pecuniary loss at all.   (3)   Even if Secs. 96 and 97, R. S. 1899, were broad enough to permit the administrator of the deceased minor to sue for the wrongful death of the minor's parents, no such right is given by Sec. 2864, R. S. 1899, which is a later statute and one relating to a particular kind of wrongs, namely, injuries arising from negligence, while Secs. 96 and 97 are general and relate to all wrongs, and Sec. 2864 would therefore be an exception to Secs. 96 and 97, and under Sec. 2864 the administrator cannot maintain an action.

The court in that case also said (l. c. 205): "It is thus seen that this particular statute provides specially and specifically for all who may sue for the penalty imposed by said section 2864, and neither the executor nor the administrator of any deceased party referred to therein is included among those who are authorized to sue for the penalty. The entire matter is covered by that section and excludes the application of any other statute thereto."

Under the principles announced in the above case, at the death of Dora A. Nimmo her cause of action given by Secs. 2864 and 2865, R. S. 1899, for the injuries and death of her husband did not survive and

her administrator had no cause of action against the defendant herein. The fact that she had in due time commenced suit against the defendant and died after obtaining judgment would in nowise change the application of the law.

When an action is appealed to the Supreme Court, and, as here, is reversed and remanded for retrial, and the defendant "is restored to all things which it had lost by said judgment," it is the duty of the circuit court to proceed in such retrial in conformity with the opinion delivered in such case. There would be no reason for an appeal in the first place if nothing was finally settled in the appellate court. [Strottman v. Railroad, 228 Mo. 154, 128 S. W. 187; Hurck v. Erskine, 50 Mo. l. c: 119.] But such principle does not require that when a case is remanded to the circuit court for retrial such court is restricted to the trial of such matters only as were adjudicated in the Supreme Court. It is common knowledge of bench and bar that after the judgment is reversed and a cause remanded and put on trial the second time, by reason amended pleadings or newly discovered evidence, new matters may be brought into the litigation for decision that were not presented to the court in the first instance. The mandate of the Supreme Court directing that further proceedings be held in this case in accordance with the opinion delivered did not change in any way the usual course of proceeding in such cases as to any new matters introduced into the record. The plaintiff's contention in this case in based upon the erroneous theory that after a judgment is reversed and the cause remanded for retrial the circuit court must proceed to try the case upon issues of fact rather than upon issues of law notwithstanding the cause of action set up on the new trial may be entirely a new question not presented and passed upon by the Supreme Court, and although it be such an one that the law would pronounce judgment upon the issues raised

by demurrer. It is just as much a trial, within the legal sense of the word, when the court passes judgment upon the sufficiency of the facts alleged in the petition to constitute a cause of action—as done in this case—as if a number of witnesses had been examined to substantiate the facts alleged, and the court, in passing upon the issues raised by the amended petition and conceded for the purpose of the demurrer, *tried the case* in all essentials in conformity with the opinion of the Supreme Court. A "trial" under the code is defined to be "the judicial examination of the issues between the parties, whether they be issues of law or of fact." [Sec. 1967, R. S. 1909.]

But the appellant contends that the Supreme Court having once revived the action in the name of the administrator while a judgment in favor of the deceased widow was in full force and effect against the defendant, such revival vested in such administrator a property right in the cause of action and enable him to further prosecute the action as directed by the mandate.

Under the authority of the Supreme Court hereinbefore cited, the cause of action of Dora A. Nimmo against the defendant did not survive to her administrator, but, she having obtained a judgment on such cause of action, it became merged in such judgment so long as that judgment continues in force. In such cases, there is no survival of the action. This rule is stated in 1 Cyc. 79 as follows. "The rule applies in cases where there has been a judgment for plaintiff on a cause of action which does not survive, as by the judgment the cause of action is merged therein." In the case of Millar v. Transit Co., 216 Mo. l. c. 106, 115 S. W. 521, the proper course to be taken in the Supreme Court is declared to be as follows: (After quoting the above passage from 1 Cyc. 79) "In such case the administrator should be substituted for the deceased in this court, for the reason that the cause of ac-

tion has been merged into a judgment, which judgment is a property right, . . . ." If no judgment had been obtained in this case by Dora A. Nimmo and she had taken the appeal, the rule as to the substitution of her administrator in the Supreme Court would not be allowed. In the Millar case, the Supreme Court expressly held (l. c. 107) that in an action for tort, where the plaintiff failed below and was forced to a non-suit, and then appealed from the judgment refusing to set aside the involuntary non-suit, and pending such appeal, the defendant died, it would not consider the appeal and substitute a representative, but that the proper course was to strike the cause from the docket, and this, too, after an administrator had been brought into that court by consent of parties. [See, also, Davis v. Morgan, 97 Mo. 79, 10 S. W. 881.] When the judgment in this case was reversed and the cause remanded for a new trial, the parties were restored to all the rights with which they were vested prior to the judgment. The question was presented to the circuit court at the first trial of this action whether such action for damages survived to and could be maintained by Dora A. Nimmo, the widow of the deceased. The question was not and could not have been presented to such court at the first trial whether upon her death the cause of action survived to her estate because she did not die until after she had obtained judgment and an appeal had been granted to the Supreme Court. The question whether upon her death the cause of action survived and the administrator could prosecute her appeal was not and could not have been presented to the consideration of the Supreme Court for the reason that at the time the action was pending in the Supreme Court the cause of action was merged in a judgment in which her estate had a vested interest and in which her administrator could be substituted as plaintiff; but when the Supreme Court by its decision reversed the judgment and remanded

the cause, the circuit court of Lawrence county, by reason of the mandate of the Supreme Court annulling and vacating its judgment, became re-invested with jurisdiction to hear and determine the action *de novo.* When the plaintiff upon retrial filed his amended petition setting up the fact of the death of Dora A. Nimmo and plaintiff's appointment as administrator of her estate by the probate court of Lawrence county, the right of the estate of Dora A. Nimmo to recover damages for the death of Albert P. Nimmo was contested for the first time. Defendant's amended demurrer presented the legal question whether upon the death of Dora A. Nimmo the cause of action survived and whether the suit could be further prosecuted by her administrator, and for the first time such issue of law was to be determined in the case, and notwithstanding all the previous litigation, that question was still *res integra.*

It follows that the judgment was for the right party and it is accordingly affirmed. All concur.