JOHN J. BAGLEY, Administrator of Estate of BER-
NARD GLEASON, v. CITY OF ST. LOUIS, Ap-
pellant.

**Division One, June 2, 1916.**

1. **COMPENSATORY DAMAGES: Instruction.** In a suit for dam-
ages for the negligent killing of an unmarried man, where
there is no evidence of aggravation, an instruction telling the
jury to give only such damages as are "fair and just with
reference to the necessary injury" to the beneficiaries, is
in accord with the statute.

2. ———: **Measure of Damages.** Where there is no evidence
that any of the beneficiaries received any pecuniary assist-
ance from the deceased (an unmarried brother) during his
life, all they were deprived of was a probability of a share
of the estate left by him at his death, and the probable amount
of such accumulation is the matter to be left to the jury;
and to arrive at an intelligent verdict in such case, they
should calculate his probable earnings for his expectancy of
life, considering his age, ability, qualifications for labor and
general habits, and deduct therefrom what would have been
probably used and diverted by him to his personal expenses
and cost of living, and thereby ascertain what is the present
value of the residue.

3. ———: **Deceased Beneficiaries: Suit by Administrator.** In
a suit for compensatory damages for the negligent killing of
an unmarried man brought by his administrator, any in erit-
able interest of his mother was abated by her death before the
judgment, and should be left out of consideration by the jury.

4. ———: ———: **Excessive Verdict: No Substantial Evidence.**
Deceased was not a skillful workman; was qualified for man-
ual labor only as a teamster; his earning capacity was not
over two dollars per day; he was fifty-five years of age; did
not have steady employment; was addicted to drink and self-
indulgence; and had never contributed pecuniary aid to his
half brothers and sisters, who are the sole beneficiaries. *Held*,
that a verdict for fifteen hundred dollars is not supported by
any substantial evidence, and only a verdict for nominal dam-
ages should be permitted to stand.

Appeal from St. Louis City Circuit Court.—*Hon. Wil-
son A. Taylor*, Judge.

REVERSED AND REMANDED.

*Charles H. Daues* and *Everett Paul Griffin* for appellant.

(1)   The demurrer to the evidence offered at the close of the plaintiff's case and renewed at the close of the entire case should have been sustained, because the evidence in the case did not warrant a recovery for the reason that the action was brought under Secs. 5426 and 5427, R. S. 1909, which are compensatory statutes and not penal, and the evidence did not show that any surviving relative had sustained any pecuniary damage of any kind or character whatsoever. Troll v. Gas Light Co., 182 Mo. App. 600; Kirk v. Railroad, 177 S. W. 592; Hegberg v. Railroad, 164 Mo. App. 559; McGowan v. Steel Co., 109 Mo. 518; Knight v. Lead Co., 75 Mo. App. 541; Barth v. Railroad, 142 Mo. 535; Schaub v. Railroad, 106 Mo. 74; Honea v. Railroad, 245 Mo. 645; 2 Sedgwick on Damages, sec. 574-A, also sec. 579; Tiffany, Death by Wrongful Act (2 Ed.), secs. 170, 154, 159, 180. The weight of authority is against awarding nominal damages where there has been no pecuniary damage. At most, nominal damages only could have been awarded plaintiff, but in Missouri and in many States nominal damages alone cannot be recovered in an action of this kind. Hearst v. Detroit City Ry., 84 Mich. 539; Railroad v. Cregan, 23 Ind. App. 1; Railroad v. Drumm, 32 Ind. App. 547; Chicago & Alton Ry. Co. v. Shannon, 43 Ill. 338; Rhoads v. C. & A. Ry. Co., 227 Ill. 328; Anderson v. Railroad, 35 Neb. 95; Burke v. Railroad, 125 Cal. 364; Sorensen v. Railroad, 45 Fed. 407; Howard v. Canal Co., 40 Fed. 195. (2)   The right of the mother to recover abated on her death before the trial. In this action the administrator was suing not for the benefit of the estate of the deceased, but as a trustee for the beneficiaries, and as the mother died before the trial and

the action had abated as to her, the administrator could recover nothing on her behalf. Gilkeson v. Railroad, 222 Mo. 173; Bates v. Sylvester, 205 Mo. 493; McMurray v. Railroad, 161 Mo. App. 131; Hauld v. Wallace, 109 Tenn. 346; Troll v. Gas Light Co., 182 Mo. App. 600; 17 Am. & Eng. Ann. Cases, p. 763. (3) Even if a recovery could have been had on behalf of the mother, the damages were grossly excessive, as there was no evidence in the case that deceased had ever contributed one cent to his mother, and no evidence on which any fair and just estimate of damages could have been based.

*Virgil Rule* and *Albert E. Hausman* for respondent.

(1) It is proper for the jury to award substantial damages when an adult ·has been killed, and parent, brothers or sisters survive him. Hersted v. Railroad, 143 Mo. App. 623; Illinois Central v. Brown, 5 Wall. 90; Railroad v. Cutter, 19 Kan. 91; Grotekamp v. Harris, 25 Ohio St. 510; Murphy v. Wabash, 228 Mo. 56. (2) An instruction on measure of damages which is in the language of the statutes (as is the instruction in· the case at bar) is good. If defendant thought it too broad it should have qualified it by offering one itself. Not having done so, defendant cannot complain. Barth v. Railroad, 142 Mo. 555; Dalton v. Refining Co., 188 Mo. App. 529; Tethrow v. St. Joseph, 98 Mo. 74; Browning v. Wabash, 124 Mo. 55; Baultger v. Scherp, 124 Mo. 87; Geisman v. Mo. Edison, 173 Mo. 654; Gentry v. Railroad, 172 Mo. App. 638; Kettlehake v. Casualty Co., 171 Mo. App. 528; Murphy v. Wabash, 228 Mo. 87. (3) In absence of evidence to contrary, the decedent is presumed to have exercised ordinary care for his own safety. Wack v. Railroad, 175 Mo. App. 111; Buesching v. St. Louis, 73 Mo. 219. (4) The death of the mother before the trial did not prevent the recovery of substantial damages.

## OPINION.

### I.

BOND, J.—This is a suit for ten thousand dollars for the death of Bernard Gleason, on July 7, 1909, alleged to have been caused by the negligence of the defendant, the city of St. Louis, in failing to keep Union Avenue in a proper state of repair at the place of the injury.

**Statement.**

The plaintiff, John J. Bagley, is the administrator of Bernard Gleason, who died intestate at the age of fifty-one years, and was survived by his mother and four half brothers and sisters, the mother dying before the trial of the suit.

On the day of the injury, January 7, 1909, about one o'clock, Gleason, accompanied by one Lynch, left John J. Bagley's place for the Hamilton Brown Shoe Company. They were driving Bagley's team and were to get a load of empty shoe boxes and return with them to Bagley's. On the return trip they stopped on several occasions, at which times, the evidence tends to show, they had drinks of intoxicating liquor. About seven o'clock that evening Lynch left the wagon and Gleason drove on alone.

Gleason was next seen about nine o'clock that evening driving north on Union Avenue, by one Mrs. Bragg, who lived at 3019 Union Avenue. When the wagon got opposite her house she saw it suddenly upset and fall into a large ditch on the side of the street, killing the intestate.

At the place of the injury there was a gully or depression in Union Avenue, which was in an unimproved condition. Car tracks ran down the center of the street, both sides of which were for the use of vehicles. There was no pavement at this part of Union Avenue, which is a dirt street, lighted in the usual manner in outlying districts of the city.

There was testimony tending to show that Gleason had frequently passed over this part of Union Avenue

and was familiar with its condition and had knowledge of the rut or depression which is claimed caused the injury.

At the time of his death Gleason, as far as it is shown, had no property of any kind, either real or personal. His earning capacity was anywhere from one to two dollars per day, and he had no steady employment.

The case was tried in the circuit court of the city of St. Louis, before a jury, which found in favor of the plaintiff in the sum of fifteen hundred dollars, from which an appeal was duly taken to this court.

II. This action is based on the statutory right of the administrator of a person whose death was caused by the negligence of another, to sue therefor and recover, not exceeding ten thousand dollars, what the jury may deem fair and just with reference to the necessary injury resulting from such death to the persons entitled to sue, in view of the mitigating and aggravating circumstances attending the wrongful act, neglect or default. [R. S. 1909, secs. 5426, 5427.]

**Compensatory Damages.**

In this case the deceased left a mother who died after the bringing of the suit but before the trial, which is now prosecuted for his half brothers and sisters. The statute provides for the inclusion of plaintiff and proper distribution of any recovery in cases like the present. [R. S. 1909, sec. 5425.].

The first contention of appellant is that since the statute on which the action is founded is purely compensatory, there was no proof of injury to the beneficiaries to sustain a judgment of fifteen hundred dollars.

The jury were instructed, in case they found for the plaintiff, to give only such damages as were "fair and just with reference to the necessary injury" to the beneficiaries. There being no elements of aggravation

shown on the trial this instruction was in accordance with the statute. [Troll v. Gas Light Co., 182 Mo. App. 600, and cases cited.]

There was nothing in the evidence which tended to show that any of the beneficiaries received any pecuniary assistance from the deceased during his life; hence all they were deprived of was a probability of a share of the estate left by him at his death, and under the facts in this record the probable amount of such accumulation was, the only matter left to the jury to consider. To arrive at an intelligent verdict, they should have calculated his probable earnings for his expectancy of life, considering his age, ability and qualifications to labor, and general habits, and should have deducted therefrom what would have been probably used and diverted by him to his personal expense and cost of living, and should have ascertained the present value of the residue. [2 Sedgwick on Damages (9 Ed.), secs. 574a, 579; Tiffany, Death by Wrongful Act (2 Ed.), sec. 159.] In forming their estimate the jury should have left out of view any loss of heritable rights on the part of the mother, since these abated by her death before the judgment (Gilkeson v. Railroad, 222 Mo. 173; McMurray, Admr., v. Railroad, 161 Mo. App. 133), and should have confined their view wholly to the lawful expectations of the present beneficiaries as next of kin.

The evidence of the earning power of the deceased is lacking in certainty and distinctness. He was not a skillful workman and seems only to have been qualified for manual work as a teamster, with an earning capacity of not over two dollars per day, nor was he addicted to habits of saving. Considering these circumstances, together with those relating to his age, life expectancy and living expenses and his self-indulgence in the matter of drinking, it must have taxed the optimistic view which juries are prone to take to conjecture that the present value of the residue which the beneficiaries

might inherit at his death, was fifteen hundred dollars. There was no *substantial* evidence in the record upon which to base that surmise, and nothing adduced in any part of the proof afforded a reasonable basis for such an estimate of his probable earnings or his estate at the end of his life expectancy. [Rhoads v. C. & A. R. R. Co., 227 Ill. 328; C. & A. R. R. Co., v. Shannon, 43 Ill. 338; Burk v. Arcata & Mad River R. R. Co., 125 Cal. 364; Anderson v. C. B. & Q. Ry. Co., 35 Neb. 95; Tiffany, Death by Wrongful Act (2 Ed.), sec. 170.]

The trial judge should have directed a verdict for plaintiff for nominal damages, only, under the facts shown in this record. There was a total failure of proof of any other damages. In such cases it is our duty to reverse and remand the cause to the end that a proper judgment may be entered therein.

The judgment is, accordingly, reversed and the cause remanded. All concur.