JANE SKILLEN, BY HER NEXT FRIEND, PLAINTIFF, v. EAGLE MOTOR COMPANY, A CORPORATION, DEFENDANT.

Submitted May 17, 1930—Decided January 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the rule, *James Mercer Davis.*

*Contra, Albert S. Woodruff.*

The opinion of the court was delivered by

TRENCHARD, J. This is a negligence case. The accident
happened at the intersection of Tenth and Cooper streets in
the city of Camden. The plaintiff, a woman about sixty-nine
years old, was run down by the defendant's motor truck.
When struck she was using the crosswalk across Cooper street
and stepping to safety upon the far curb. She suffered a
severe concussion of the brain which resulted in a mental
derangement or disturbance probably permanent in character.
This suit was prosecuted by her next friend and resulted
in a verdict of $9,000 in her favor.

The defendant obtained this rule and assigns as reasons for
a new trial (1) refusal to nonsuit upon the ground of con-
tributory negligence; (2) failure to adequately charge upon
that topic; (3) verdict contrary to the evidence and the
weight of the evidence, and (4) damages excessive.

The record discloses that those reasons are without sub-
stance. They are so plainly without merit that it will serve
no useful purpose to discuss them.

The defendant also assigns as a reason for a new trial
"that the court charged that a recovery could be had for the
medical bill and hospitalization."

What the judge actually charged in this connection was

this: If the jury found for the plaintiff "she would be entitled to recover such sum * * * as the testimony discloses has been expended for hospital services."

The amount of the bill for hospital services was proved at the trial. There was no question that the bill was reasonable and the services necessary. The defendant's sole objection was that the bill, which was rendered to the plaintiff, was paid by her brother and sister. But that was immaterial in the circumstances of the present case. The only reasonable inference from the evidence was that the bill rendered to her was paid with her assent. One who inflicts an injury upon another is bound to restore her as nearly as possible to her former condition, and such liability includes necessary and reasonable hospital bills. The fact that the brother and sister of a person, injured by the negligence of another, pay, with her assent, the hospital bill which had been rendered to her, does not prevent her from recovering the value of the services represented by the bill from the one responsible for the injury. That view harmonizes with the underlying principle of our decisions upon this general topic in *Sharkey* v. *Herman Bros.*, 3 *N. J. Mis. R.* 126; *affirmed,* 102 *N. J. L.* 224; *Cornish* v. *North Jersey Street Railway Co.*, 73 *Id.* 273; *Weber* v. *Morris and Essex Railroad Co.*, 36 *Id.* 213; *Shoemaker* v. *Central Railroad Co.*, 89 *Atl. Rep.* 518.

The rule to show cause will be discharged, with costs.