127 N.J. Super. 391 (1974)
317 A.2d 425
IRAL FORD, PLAINTIFF-RESPONDENT,
v.
JOHN W. GARVIN, JR. AND SAMUEL STERN, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 19, 1974.
Decided March 29, 1974.
Before Judges HALPERN, MATTHEWS and BISCHOFF.
Mr. David Lustbader argued the cause for appellant Samuel Stern (Messrs. Lustbader and Lustbader, attorneys).
Mr. John Appezzato argued the cause for appellant John W. Garvin, Jr. (Mr. Joseph D. Darcy, attorney).
*392 Mr. George F. Hendricks, Jr. argued the cause for respondent (Messrs. Pincus, Sheehan & Hendricks, attorneys; Mr. Gerald Gordon, on the brief).
PER CURIAM.
Plaintiff was injured while a passenger in a car owned by defendant Samuel Stern which was involved in an accident with a car owned by John W. Garvin, Jr. She sued both defendants and, after a trial on liability, the jury found defendants jointly and severally liable. Prior to the trial on damages defendants made an offer to settle for $5,000 at a settlement conference held by the assignment judge. The offer was refused because plaintiff wanted $14,000, despite her attorney's advice to accept the offer. Ultimately, the jury awarded her damages of $6,281. The trial judge, in accordance with R. 4:42-11(b), awarded prejudgment interest of $659.50.
Appellants concede the constitutionality of R. 4:42-11(b), but contend that the trial judge erred in refusing to exercise his discretion in disallowing interest.
The trial judge determined the rule was mandatory and he had no discretion in the matter. We agree.
R. 4:42-11(b) provides:
(b) Tort Actions. Except where provided by statute with respect to a public entity or employee, the court shall, in tort actions, including products liability actions, include in the judgment interest at 6% per annum on the amount of the award from the date of the institution of the action or from a date 6 months after the date of the tort, whichever is later. The contingent fee of an attorney shall not be computed on the interest so included in the judgment. [Emphasis supplied]
The language in the rule is crystal-clear that the trial judge had no discretion in the matter but was required to include the prejudgment interest in the final judgment. Busik v. Levine, 63 N.J. 351 (1973), app. dism., 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973). That Busik so holds is evident from the dissent by Judge Conford (temporarily assigned to the Supreme Court) wherein he expressed the view *393 (63 N.J. at 376) that if he could he would oppose the adoption of R. 4:42-11(b) because "* * * I believe any such rule should be permissive and discretionary with the trial court."
We think it appropriate to indicate that trial counsel who wait until they reach the courthouse steps before making a bona fide settlement offer have no cause to complain about the mandatory application of prejudgment interest in R. 4:42-11(b). The offer of judgment rules, R. 4:58-1 et seq., which were promulgated with R. 4:42-11(b) in mind, give trial counsel ample opportunity to submit offers of judgment and avoid paying prejudgment interest, and in fact give them other monetary advantages. Unfortunately, for reasons we find difficult to understand, the offer of judgment rules are utilized too infrequently.
Affirmed.