129 N.J. Super. 578 (1974)
324 A.2d 582
RUTH WEIMAN, INDIVIDUALLY, AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF ROBERT WEIMAN, AND AS GUARDIAN FOR THOMAS ALAN WEIMAN AND RICHARD DAVID WEIMAN, MINORS, PLAINTIFF-RESPONDENT,
v.
GLORIA WEIMAN IPPOLITO, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF ROBERT WEIMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 13, 1974.
Decided August 16, 1974.
*581 Before Judges CONFORD, HANDLER and MEANOR.
Mr. M. Marvin Soperstein argued the cause for Appellant.
Mr. Michael R. Griffinger argued the cause for Respondent (Messrs. Crummy, O'Neill, Del Deo & Dolan, attorneys).
The opinion of the court was delivered by HANDLER, J.A.D.
The appeal and cross-appeal in this matter relate solely to issues of damages arising from the wrongful death of Robert Weiman, who was found to have been killed intentionally by his wife, defendant Gloria Weiman Ippolito. Plaintiff is Ruth Weiman, the former wife of decedent, who brought the action individually and as administratrix ad prosequendum of the estate of Robert Weiman and as guardian for his two sons, Thomas Alan and Richard David Weiman.
Plaintiff Ruth Weiman filed a multi-count complaint setting forth in counts I, III and V claims respectively founded upon negligence for wrongful death, a survival action and for the tortious interference with a contractual relationship based upon a separation agreement with decedent. Similar claims were asserted in counts II, IV and VI based upon the theory of an intentional wrong. In counts VII and VIII plaintiff demanded declaratory judgments that as a result of her intentional act in taking the life of decedent, defendant was not entitled to receive the proceeds of insurance upon decedent's life or any property under his will. In other counts plaintiff sought the removal of defendant as executrix for the estate and a cancellation of stock of decedent's insurance agency which had been issued to defendant. Plaintiff also sought an accounting and the payment of medical bills and upward adjustments of support and alimony payments under the separation agreement. After an answer was filed a supplemental complaint was served by plaintiff against two insurance companies, alleging rights as a third-party beneficiary under two liability insurance policies in *582 favor of defendant as the insured. Defendant then filed a cross-claim against the insurance companies for indemnification for any negligence judgment recovered against her. The insurance companies filed answers to the cross-claim.
After a pretrial of the matter, an order was entered which prescribed the issues for trial as (1) wrongful death liability, (2) wrongful death damages and (3) estate matters. The case thereafter proceeded to trial without a jury. At the conclusion of the testimony and prior to summations a settlement was entered disposing of the negligence portion of the suit. Pursuant to the order reflecting this settlement, a judgment in the sum of $8,000 was entered against the insurance companies, allocating $2,000 for each of the sons and $4,000 in favor of plaintiff individually and as administratrix ad prosequendum of the estate, with a counsel fee and disbursements of $2,808.72 to be paid out of plaintiff's share of the settlement. The order for settlement also provided for the dismissal with prejudice of all of the negligence counts of the original complaint against defendant as well as the supplemental complaint for indemnification and defendant's cross-claim for indemnification against the insurance companies. The order, thus, reflected what was made clear to plaintiff at the hearing, namely that the settlement concluded any claims she might have individually or in a representative capacity based upon the negligence of defendant for decedent's wrongful death.
It is this settlement and the judgment for $8,000 pursuant thereto which poses the first issue on the appeal. After the friendly settlement, the trial judge later rendered a decision on the aspects of the case remaining after the elimination of the negligence counts. He determined, among other things, that plaintiff's proofs established a cause of action for the wrongful death of decedent attributable to defendant's intentional acts. This determination is not disputed. Wrongful death damages were allowed reflecting the loss of support for *583 the sons as next of kin, funeral expenses, the value of a major medical policy, as well as survival action losses.
It is claimed by defendant on her direct appeal that she should be allowed a credit of $8,000, the sum paid by her insurance companies in settlement of the negligence claims, against the total award of money damages. We conclude that defendant is entitled to this credit.
The measure of damages in a wrongful death action is prescribed by statute. N.J.S.A. 2A:31-5. It would be identical regardless of whether defendant's liability for a decedent's wrongful death rested on a finding of negligence or intentional wrongdoing. (There is an indication in the pretrial orders that there was an issue as to punitive as well as compensatory damages. Exemplary damages, however, were not sought or proved.) It is well established that a successful plaintiff in a tort action is entitled to a single recovery  a quantum of damages that will justly compensate him for injuries caused by a defendant. Cf. Theobold v. Angelos, 40 N.J. 295 (1963), aff'd 44 N.J. 228 (1965); Breen v. Peck, 28 N.J. 351 (1958). Plaintiff urges, however, that her recovery of the $8,000 represents a payment from collateral sources which may not be set up to benefit defendant by mitigating or reducing the damages award otherwise payable by her.
Plaintiff's reliance on the "collateral source rule" in this context is misplaced. Under this rule, a defendant is not entitled to get the benefits of payments which have come to a plaintiff from a "collateral source," that is, a source which is "collateral" to or independent of defendant; and even though such payments may compensate a plaintiff doubly for a particular loss or item of damage, the defendant is, nevertheless, obligated to compensate the plaintiff for the entire amount of harm done. 2 Harper & James, The Law of Torts, § 25.22 at 1343-1344 (1956). Note, Unreason in the Law of Damages; The Collateral Source Rule, 77 Harv. L. Rev. 741 (1964). The New Jersey cases are in accord. Long v. Landy, 35 N.J. 44, 55-56 (1961); Rusk v. Jeffries, *584 110 N.J.L. 307 (E. & A. 1933); Skillen v. Eagle Motor Co., 107 N.J.L. 211 (Sup. Ct. 1931); Cornish v. North Jersey St. R. Co., 73 N.J.L. 273 (Sup. Ct. 1906). Plaintiff, absent the settlement, would have been entitled to payment of damages only on the negligence counts if she had prevailed on this theory. The proceeds of the insurance policies were a consequence of defendant's contract rights with the insurance companies, and plaintiff, as a victim of defendant's wrongdoing, was a third-party beneficiary under these policies. Consequently, the settlement payment on the negligence counts in this case was not collateral to defendant. Plaintiff sought damages for the same wrong and the same injury on two different theories. The settlement pursuant to one theory does not render the payment therefor "collateral" to the recovery under the alternative thesis. That fortuitously she in effect prevailed on both should not entitle her to an amplified recovery.
The trial judge awarded plaintiff the sum of $29,925 as damages (discounted to present value) for the loss of support payments which decedent had been obligated to make for the benefit of his two sons under the separation agreement, including the value of a major medical policy. Also awarded were $1,711.50 for funeral expenses and $1,000 as survival action damages. Plaintiff has not appealed these specific determinations. The trial judge also imposed a constructive trust for the benefit of decedent's sons on $24,087.50 received by defendant as the proceeds of life insurance. A constructive trust was also imposed on the assets of decedent's estate. This relief was accorded pursuant to counts VII and VIII of the complaint that, as a result of defendant's intentional act of taking the life of decedent, she was not entitled to receive the proceeds of his life insurance or any property under the will. Defendant has not on this appeal questioned these dispositions.
Plaintiff in her cross-appeal contends that the trial court erred in excluding the proceeds of the sale of the Robert J. Weiman Agency from the decedent's estate. It is argued *585 that under a separation agreement decedent had agreed to bequeath not less than one-third of his estate to his children and that it was contemplated that the agency would be part of the estate. The trial judge rejected this contention, finding that the incorporation of the agency, which had theretofore been operated as an individual proprietorship, and the issuance of the corporate stock to his wife, the defendant, with one nominal share reserved to himself and one issued to his mother-in-law, were in no way connected with decedent's obligation under the separation agreement.
We are constrained to agree. The record does not reveal the negotiations or circumstances surrounding the execution of the separation agreement, and the evidence is otherwise insufficient to warrant any factual determination to the effect that it was within the contemplation of the parties that decedent's business as such would be retained by him and preserved for his estate, or that there was any implied contractual promise on decedent's part to do so. Macfadden v. Macfadden, 46 N.J. Super. 242 (Ch. Div. 1957), aff'd 49 N.J. Super. 356 (App. Div.), certif. den. 27 N.J. 155 (1958), relied upon by plaintiff is distinguishable. In that case there was an express contractual undertaking specified in the separation agreement by the husband to permit his wife to use a particular house during her lifetime. There was an anticipatory breach of this obligation when he conveyed title to a foundation which endeavored then to sell the house after decedent's death. Id. at 244-246. The court consequently found fraud in the breach of a legal or equitable duty undertaken by decedent in the earlier separation agreement. Id. at 246-249. In this case, however, adequate facts were not developed to posit a finding of a comparable duty on the part of decedent. Cf. Salvemini v. Giblin, 24 N.J. 123 (1957); Van Duyne v. Vreeland, 12 N.J. Eq. 142 (Ch. 1858).
It is also argued by plaintiff that the court below erred in refusing to award damages for loss of inheritance. It was contended that plaintiff's sons would have inherited money *586 from the increase of their father's estate attributable to the growth of his insurance business. We agree with the conclusion of the court.
The measure of damages under the Wrongful Death Act is the "deprivation of a reasonable expectation of a pecuniary advantage which would have resulted by a continuance of the life of the deceased." Dubil v. Labate, 52 N.J. 255, 259 (1968); McStay v. Przychocki, 7 N.J. 456, 460 (1951); N.J.S.A. 2A:31-1 et seq. The trial court concluded that the expert's projections of the growth of decedent's business and the retention or accumulation of earnings by decedent were too speculative and unreliable to be used as a basis for awarding damages for loss of inheritance. Where lost inheritance has been recognized as an element of damages in a wrongful death action, it must appear that the decedent could reasonably have been expected to accumulate income over and above what he would have contributed toward the support of his next of kin during the remainder of his life. National Airlines, Inc. v. Stiles, 268 F.2d 400 (5 Cir.), cert. den. 361 U.S. 885, 80 S.Ct. 157, 4 L.Ed.2d 121, reh. den. 361 U.S. 926, 80 S.Ct. 291, 4 L.Ed.2d 241 (1959); Martin v. Atlantic Coast Line R.R. Co., 268 F.2d 397 (5 Cir.1959), aff'd 289 F.2d 414 (5 Cir.1961); O'Toole v. United States, 242 F.2d 308 (3 Cir.1957); Speiser, Recovery For Wrongful Death § 3:32 at 182-190 (1966). In this case the record supports the trial judge's conclusion that decedent was a spender, not a saver. We therefore find no error in the refusal to consider lost inheritance as an element in the measure of damages.
Plaintiff makes the further contention that the trial judge erred in declining to award plaintiff damages for loss of gifts and other contributions by decedent for his two sons. These consisted of miscellaneous items and activities such as cash gifts, graduation presents, payment for a driver's test, occasional outings and the like. As the trier of the facts, the trial judge on this record could conclude, as he did, *587 that it would be speculative to estimate the loss of these items. While it may have been somewhat conjectural for the judge to have concluded that such contributions would diminish as the boys grew older, it does appear that decedent made these gifts irregularly and in no set amounts.
It is asserted that plaintiff, under R. 4:42-11(b), was entitled to interest on the damages awarded. The trial judge determined that the pecuniary injury suffered by decedent's sons  the loss of support payments  was $10,300 for Thomas and $22,236 for Richard, or a total of $32,536, as well as the value of a major medical policy of $1,069. These damages were discounted to their present value as of January 1, 1970 and reflected in the final judgment in the amount of $29,925. But in doing so, the judge also declined to recognize prejudgment interest on the award of $29,925.
Under R. 4:42-11(b) prejudgment interest at 6% a year is required to be allowed on the amount of the award from the date of the institution of the action or from a date six months after the date of the tort, whichever occurs later. Busik v. Levine, 63 N.J. 351, app. dism. 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973). The rule is applicable to an action commenced prior to its effective date of January 1, 1972, wherein the judgment is rendered subsequent thereto. American Metal Co. v. Fluid Chemical Co., 121 N.J. Super. 177 (Law Div. 1972); Riley v. Savary, 120 N.J. Super. 331 (Law Div. 1972). Here, the final judgment was entered on January 26, 1973. We are also of the opinion that R. 4:42-11(b) is applicable to an action for wrongful death brought pursuant to N.J.S.A. 2A:31-1 et seq. Cf. Prosser, Law of Torts (4 ed. 1971), § 127 at 903. Consequently the judgment below is modified to allow the award of interest on the award in accordance with R. 4:42-11(b); Ford v. Garvin, 127 N.J. Super. 391 (App. Div. 1974).
Finally, plaintiff seeks an award of counsel fees and costs and contends that the trial judge should have exercised *588 a discretionary power under R. 1:1-2 to relax R. 4:42-9, which forbids the awards of counsel fees except in certain specified actions not here applicable. The court, in our view, acted correctly in rejecting this application.
Judgment below is modified.