130 N.J. Super. 207 (1974)
326 A.2d 70
RUTH WEIMAN, INDIVIDUALLY, AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF ROBERT WEIMAN, AND AS GUARDIAN FOR THOMAS ALAN WEIMAN AND RICHARD DAVID WEIMAN, MINORS, PLAINTIFF-RESPONDENT,
v.
GLORIA WEIMAN IPPOLITO, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF ROBERT WEIMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 13, 1974.
Decided August 16, 1974.
Supplemental Opinion September 3, 1974.
*208 Before Judges CONFORD, HANDLER and MEANOR.
Mr. M. Marvin Soperstein argued the cause for Appellant.
Mr. Michael R. Griffinger argued the cause for Respondent (Messrs. Crummy, O'Neill, Del Deo & Dolan, attorneys).
PER CURIAM.
Plaintiff, by a petition for rehearing, to which defendant upon the court's instructions filed an answer in opposition, urges that the allowable credit against the total recovery should be in the amount of $4,000 instead of $8,000 as determined by this court. We had ruled that defendant was entitled to a credit of $8,000 since this was the sum paid by her insurance companies in settlement of the negligence claims in the action. Although not initially raised on the appeal, it was stressed in oral argument and in the petition for rehearing, and noted in our opinion, that $4,000 of the settlement was allocable to plaintiff individually and as administratrix ad prosequendum. Quite clearly, this payment intended to benefit plaintiff individually. The balance of $4,000 was payable to plaintiff as the guardian of her two sons as a wrongful death action recovery. The order reflecting the settlement clearly effectuates this disposition.
We are impelled to conclude on this record, despite plaintiff's failure to crystalize the issue earlier, that the $4,000 allocable to plaintiff, other than in her capacity as guardian for the sons, cannot appropriately be attributed to the wrongful death action award. Plaintiff individually had no viable claim against defendant under the Wrongful Death Act and the ultimate award recovered by plaintiff after trial *209 was solely on behalf of her two sons, decedent's next of kin. It is only the portion of the previous settlement based upon the wrongful death action claim of the sons which should be credited against the wrongful death action award  this on the thesis that there should be but a single recovery for compensatory damages in a wrongful death action, regardless of the circumstances of the decedent's demise. Consequently, that part of the settlement in favor of plaintiff individually should not be deducted from the recovery under the Wrongful Death Act. Accordingly, our opinion is amended to reflect that the credit allowable against the wrongful death action damages be $4,000.
Plaintiff also has raised the question in her petition that prejudgment interest under R. 4:42-11(b) be assessed on the entire amount awarded including survival action damages and funeral expenses. This result was intended by our previous opinion.
As amended and clarified herein, the judgment below is modified.