**Marilyn C. MOSS, Plaintiff,**

**William I. Moss, Plaintiff-Intervenor,**

v.

**EXECUTIVE BEECHCRAFT, INC., et al., Defendants.**

**No. 81-0653-CV-W-4.**

United States District Court, W.D. Missouri, W.D.

May 6, 1983.

Michael K. Whitehead, Smart & Whitehead, Kansas City, Mo., for plaintiff Marilyn Moss.

Paul Scott Kelly, Jr. and W. Russell Welsh, Gage & Tucker, Kansas City, Mo., for plaintiff-intervenor William Moss.

Roger W. Penner and Patrick K. McMonigle, Griffin, Dysart, Taylor, Penner & Lay, Kansas City, Mo., for defendant Executive Beechcraft, Inc.

Michael Niewald, Niewald, Risjord & Waldeck, Kansas City, Mo. for defendant Gerald Hultgren.

Douglas N. Ghertner, Field, Gentry, Benjamin & Robertson, Kansas City, Mo., for defendant Beech Aircraft Corp.

## ORDER

RUSSELL G. CLARK, Chief Judge.

This action is brought under the Missouri Wrongful Death Act, § 537.080 R.S.Mo. by plaintiff Marilyn Moss and her brother, plaintiff-intervenor William I. Moss for the death of their mother, Charlene Moss who perished in an air crash on July 23, 1981. Defendants are the owner/operator and manufacturer of the aircraft and a representative of the pilot, who also perished in the crash.

Defendants have all joined in a motion in limine requesting the Court to exclude, as a matter of law, evidence of plaintiffs' lost inheritance as an element of damage. For the reasons that follow, defendants' motion will be denied.

The damage section of the Missouri wrongful death statute, § 537.090 R.S.Mo. (amended 1979) authorizes the jury to award damages for, *inter alia,* "the pecuniary losses suffered by reason of the death." No specific mention is made of loss of prospective inheritance. Whether "pecuniary loss" is construed to include this type of damage is the subject of this order.

Defendants' position is that Missouri law only allows recovery for damages reasonably certain to occur and not for those of a contingent or speculative nature. *Hines v. Sweet,* 567 S.W.2d 435 (Mo.App.1978). Prospective inheritance, defendants argue, is too speculative and therefore is not recoverable. While no Missouri case so holds, there

is some support in other jurisdictions for this conclusion. *See, e.g., Alden v. Maryanov,* 406 F.Supp. 547, 551 (D.Md.1976); *Baker v. Slack,* 319 Mich. 703, 30 N.W.2d 403, 407 (Mich.1948).

The better view, in this Court's opinion, is that a beneficiary's loss of an expected inheritance, if properly supported by the evidence, is recoverable as an element of damages under our wrongful death statute. Indeed, this rule is supported by substantial federal and state authority including the Missouri Supreme Court. *See,* Speiser, *Recovery For Wrongful Death* § 3:39 at 279 (2d Ed.1975); Annot. 91 A.L.R.2d 477 (1963); *Bagley v. City of St. Louis,* 268 Mo. 259, 186 S.W. 966, 967 (Mo.1916). *See also* the following cases which allow prospective inheritance as a proper element of damage: *Solomon v. Warren,* 540 F.2d 777, 790 (5th Cir.1976), *cert. denied sub nom. Warren v. Serody,* 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1977) (Death on High Seas Act and Florida wrongful death statute); *Cambria Steamship Co. v. Dahl,* 505 F.2d 517, 523–24 (6th Cir.1974), *cert. denied sub nom. Gordon v. Dahl,* 420 U.S. 975, 95 S.Ct. 1399, 43 L.Ed.2d 655 (1975) (maritime law); *Martin v. Atlantic Coast Line RR Co.,* 268 F.2d 397, 399 (5th Cir.1959) (Federal Employer's Liability Act); *National Airlines v. Stiles,* 268 F.2d 400, 403 (5th Cir.1959) (Death on High Seas Act); *O'Toole v. United States,* 242 F.2d 308, 311 (3d Cir.1957) (Federal Tort Claims Act and Delaware law); *Weiman v. Ippolito,* 129 N.J.Super. 578, 324 A.2d 582, 587 (N.J.Super.Ct.App.Div.1974) *rev'd on other grounds* 130 N.J.Super. 207, 326 A.2d 70 (N.J.1975) (New Jersey wrongful death statute); *Salinas v. Kahn,* 2 Ariz.App. 181, 407 P.2d 120, 133 (Ariz.App.) *modified on other grounds,* 2 Ariz.App. 348, 409 P.2d 64 (Ariz.1965) (Arizona wrongful death statute); and *Reynolds v. Willis,* 209 A.2d 760, 762 (Del.1965) (Delaware wrongful death statute).

Regarding defendants' position, the Court in *O'Toole* observed, "the only argument against allowing such recovery that we can see is that whether there will be a growth of the [decedent's] estate is a matter of speculation. But in this area exact calculations are impossible to make at best." 242 F.2d at 312. The Court suggested that whether the beneficiary would survive the decedent is "no harder to figure than the expectation of life for the decedent himself had he been permitted to live out his time." *Id.* In the same vein, Speiser stated,

> As in all death cases in which the "too speculative" label has been affixed, one must look carefully at the evidence actually introduced at trial. Since virtually all proof of damages in death cases is speculative in nature, care must be taken to lay a strong foundation and to buttress evidentiary presentations.

Speiser, *supra* at 280.

In 1916, the Missouri Supreme Court decided what damages, if any, half brothers and sisters were entitled to recover for the wrongful death of the 51 year old decedent. *Bagley v. City of St. Louis,* 268 Mo. 259, 186 S.W. 966 (Mo.1916). The Court considered the fact that at the time of his death, decedent had no real or personal property, was an unskilled laborer earning only $1.00 to $2.00 per day with no steady employment, was known to be self-indulgent, had not rendered financial aid to his next of kin during his life, and was "not addicted to habits of saving." *Bagley,* 186 S.W. at 967. Based on these facts, the Court concluded "all [the beneficiaries] were deprived of was a probability of a share of the estate left by him at his death." *Id.* 186 S.W. at 967. But in this particular case the Court reversed a $1,500 jury verdict and directed a verdict for nominal damages holding, "there was no substantial evidence . . . and [no] reasonable basis for such an estimate of his probable earnings or his estate at the end of his life expectancy [of $1,500]." at 967. This case clearly supports the availability of damages for loss of prospective inheritance in a wrongful death action if the facts warrant such a finding. The Court's research has been unable to find any contradictory Missouri case.

*Bagley* has been cited by numerous courts and experts in the field of wrongful death damages for allowing loss of expected in-

heritance as an element of damage. The authorities often indicate recovery was denied for lack of proof and the facts of each case must be considered separately. 91 A.L.R.2d at 479; Speiser, *supra* at 279; Wright, *Damages Under The Missouri Wrongful Death Act,* 37 J.Mo.Bar 92 (1981). Certainly plaintiffs should at least be afforded the opportunity to present evidence in support of this element of damage. It will be for the jury to determine if Charlene Moss had lived to her life expectancy whether she would have amassed an inheritable estate and whether each claimant would continue to be the natural object of her affections and beneficence if each had lived out their life expectancy. *See, Thompson v. Offshore Company,* 440 F.Supp. 752, 763 (S.D.Tex.1977); *National Airlines v. Stiles, supra* at 403; Speiser, *supra* § 3:42, Instructions at 286–87. In view of the foregoing discussion, it is hereby

ORDERED that all defendants' motions in limine to exclude evidence regarding loss of prospective inheritance are denied.