LEWIS T. RHOADS *et al.*

*v.*

THE CHICAGO AND ALTON RAILROAD COMPANY.

*Opinion filed April 18, 1907—Rehearing denied June 6, 1907.*

1. DAMAGES—*when next of kin can recover only nominal damages.* Where the next of kin of an unmarried man who was killed through the negligence of another are collateral kindred, who have not received pecuniary assistance from him, are not dependent upon him nor in a situation to require his pecuniary aid, only nominal damages can be recovered in an action by his administrator.

2. SAME—*what does not amount to pecuniary loss.* The fact that the deceased, who was killed through the negligence of another, had been in the habit of rendering gratuitous legal advice to his adult brothers and sisters when they required it, does not, of itself, amount to such a pecuniary loss to them from his death as entitles them to recover more than nominal damages.

3. STATUTES—*rule as to adopting construction of statute when statute is adopted.* In adopting a statute of another State it is presumed the legislature intended that it should receive the same construction by the courts of this State that it had previously received in the courts of the State from which it was adopted, unless such construction is in conflict with the spirit and policy of the laws of this State.

APPEAL from the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

Appellants, as administrators of the estate of A. J. Barr, brought an action in the circuit court of Logan county to recover damages for the death of their intestate, alleging that it was caused by the negligence and recklessness of appellee. The railroad of appellee extends from Chicago to East St. Louis, passing through McLean county in a south-westerly direction, through the city of Bloomington and town of Normal. Near the northern limits of Normal

a public highway crosses the railroad, at which point there are seven tracks lying parallel, five of which are used for switching purposes in a freight yard. These tracks at this point are upon an embankment about seventeen feet above the surrounding country. The two westerly tracks are the main tracks used for passenger traffic and are some two feet below the five easterly tracks. On the 19th day of June, 1905, the five easterly tracks were occupied at the point in question by freight cars, leaving at the crossing an opening which was irregular in width but which left the sixteen-foot planking of the roadway crossing free from freight cars. On the afternoon of that day the deceased was going from Bloomington to a neighboring village in an automobile, accompanied by his stenographer, to attend to some legal work for a client. As he approached the said crossing from the east there is evidence tending to show that he stopped his automobile at the foot of the incline at the track to look and listen for approaching trains. Apparently he heard or saw nothing, as he started his automobile, crossing the freight tracks at the rate of eight or nine miles an hour. His automobile having run rapidly down the incline between the freight tracks, and while crossing the main lines, was struck by the engine of an interurban passenger train of appellee running south at from thirty to thirty-five miles an hour. Both the intestate and his stenographer were hurled about ninety feet and instantly killed. The proof tends to show that the engine of the appellee was sounding a bell for some time before it reached the crossing and that the whistle was blown a little distance before reaching that place.

The evidence shows that the deceased was a lawyer practicing in Bloomington, forty-eight years old, and that he had a brother and three sisters, all adults; that he was unmarried and had no children and his father and mother were not living. The evidence shows that he was a careful, skillful practitioner, sober and industrious, and tends

to show that he had an earning capacity of something like $10,000 a year. We can find no evidence in the record that he had saved or accumulated any property or as to what his personal expenses were. No proof was offered that the brother or sisters were dependent upon him for support, or that he had rendered them, or they had relied upon him for, pecuniary assistance, except legal advice. The only proof on this point was the testimony of the brother-in-law, the husband of one of his sisters, who testified that "so far as the sisters were concerned, if there was any business to do they would ask him, of course. So far as the brother was concerned, supposed he did the same. He never made any charge against any of us for this character of work. * * * I know that his sisters did consult him as a lawyer. I know that one of them, Mrs. McKeown, had business in his hands now."

The court was asked, but refused to give, for plaintiffs, instructions substantially as follows, all being predicated upon the condition if the jury find defendant guilty of negligence as charged:

1. That they might take into consideration the fact, if they so find, that the deceased gave legal work and services to his brother and sisters, and that by his death they were deprived of such work and services.

2. That the amount of damages is what the law regards as the pecuniary value of the addition to the estate of deceased as he in reasonable probability would have made if not so killed, taking into consideration his capacity, habits, usual earning prospects and saving ability.

3. That the jury had a right, in assessing damages, to take into consideration all of the testimony bearing on the question of pecuniary damages, and all such damages as they might find, from the evidence, to be a fair and just compensation with reference to the pecuniary injuries resulting from the death of the deceased to his next of kin.

The court gave for defendant instructions substantially as follows, each being predicated upon the condition if the jury find for the plaintiffs:

6. In a suit like the one pending, the law does not allow damages for grief caused to the relatives of the deceased by his being accidentally killed, but only for pecuniary loss sustained, and where the nearest relatives are a brother and sisters, as here, the law does not presume damage to them, but damages must be proven. In the absence of such proof you can only assess nominal damages, by which term is meant one dollar or one cent.

7. Before you can allow more than nominal damages it must appear from the evidence that the brother and sisters of the deceased, jointly or separately, were in the habit of claiming or receiving from him pecuniary assistance or were in some way dependent upon him for financial aid.

8. You are instructed that there has been no proof offered that either of the relatives of deceased were in the habit of claiming or receiving from him pecuniary assistance or were dependent upon him for pecuniary aid, and you can only assess nominal damages.

The giving and refusal of these instructions is urged as error. Under the instructions given, the jury brought in a verdict of nominal damages of one dollar, and judgment was entered thereon. The case was appealed to the Appellate Court for the Third District, where the judgment was affirmed, and the case is brought here for review upon a certificate of importance granted by that court.

BEACH, HODNETT & TRAPP, for appellants:

Under the statute the jury may give such damages as they deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person, not exceeding $10,000. Laws of 1903, p. 217.

Dicta in decisions where the question was not directly before the court for decision are not law in this case. *Higgins* v. *Peterson,* 64 Ill. App. 259; *Dennison* v. *Gambill,* 81 id. 170; *Cohens* v. *Virginia,* 6 Wheat. 399; 5 Am. & Eng. Ency. of Law, 661; *Rigg* v. *Wilton,* 13 Ill. 15; *Campbell* v. *Quinlin,* 3 Scam. 288.

Where an act of a foreign State is adopted the construction of that State placed upon the statute is also adopted. *Gage* v. *Smith,* 79 Ill. 219; *Freese* v. *Tripp,* 70 id. 496; *Streeter* v. *People,* 69 id. 595; *Glaubensklee* v. *Low,* 29 Ill. App. 408.

The courts of New York and Ohio, from which States this statute was adopted, have construed it, and held that the collateral kindred may recover as pecuniary damages the probable accumulations of the estate of the deceased which would have descended to them. *Thomas* v. *Railway Co.* 34 Hun, 628; *Dickens* v. *Railway Co.* 1 Abb. 504; *Meekin* v. *Railway Co.* 58 N. E. Rep. 50; *Pinneo* v. *Railroad Co.* 34 Hun, 80; *Bierbauer* v. *Railroad Co.* 15 id. 559; *Tiffany on Death by Wrongful Act,* sec. 172; *Grotenkemper* v. *Harris,* 25 Ohio St. 510.

The same statute of Illinois has been directly construed upon this point by the Supreme Court of the United States. *Railway Co.* v. *Barron,* 5 Wall. 90.

Many other States have construed this same statute to allow collateral relatives to recover as pecuniary damages the probable accumulations to estate of deceased. *Anderson* v. *Railway Co.* 52 N. W. Rep. 840; *Howard* v. *Canal Co.* 40 Fed. Rep. 195; *Railway Co.* v. *Drum,* 70 N. E. Rep. 286; *Railway Co.* v. *Mugg,* 132 Ind. 168; *Railroad Co.* v. *Branyan,* 10 Ind. App. 570; 6 Thompson on Negligence, sec. 7090; *Houghkirk* v. *Canal Co.* 92 N. Y. 219; 8 Am. & Eng. Ency. of Law, (2d ed.) 904, 910; 13 Cyc. 367.

Although as to collateral next of kin the question has not arisen, as to lineal kindred the courts of Illinois have held that the probable accumulations of deceased if he had

lived are an element of damage to be considered by the jury. *Railroad Co.* v. *Woolridge,* 174 Ill. 330; *Jury* v. *Ogden,* 56 Ill. App. 100; *Chicago* v. *Scholten,* 75 Ill. 468.

BLINN & COVEY, (F. S. WINSTON, of counsel,) for appellee:

In a suit for causing the wrongful death of the deceased by negligence, where special damages are claimed special damages must be alleged in the declaration. In the absence of such allegations a verdict for only nominal damages can be given. *Railroad Co.* v. *Morris,* 26 Ill. 402; *Buckley* v. *Holmes,* 19 Ill. App. 532; *Hurst* v. *Railway Co.* 48 N. W. Rep. 44; *Coal Co.* v. *Hood,* 77 Ill. 75; *Railroad Co.* v. *VanBuskirk,* 78 N. W. Rep. 514; Shinn on Pleading, sec. 524; *Railway Co.* v. *Cable,* 113 Ill. 115.

Proof of death caused by negligence of defendant's servants, where the legal representatives are brothers and sisters or collateral kindred, does not authorize recovery for more than nominal damages, unless it is shown by the evidence that such next of kin were dependent upon deceased for support or received pecuniary aid. *Chicago* v. *Major,* 18 Ill. 358; *Railroad Co.* v. *Morris,* 26 id. 400; *Railway Co.* v. *Shannon,* 43 id. 346; *Chicago* v. *Scholten,* 75 id. 471; *Hatton* v. *Daily,* 106 id. 131; *Railway Co.* v. *Brodie,* 156 id. 317; *Railroad Co.* v. *Gunderson,* 174 id. 499; 4 Sutherland on Damages, (3d ed.) sec. 1276; Voorhies on Personal Injuries, sec. 213.

It is only where the relation of next of kin are parent and child, husband or wife, that the law presumes damages from proof of death caused by negligence. *Chicago* v. *Scholten,* 75 Ill. 471; `Hatton` v. *Daily,* 106 id. 131; *Railway Co.* v. *Brodie,* 156 id. 317; *Railway Co.* v. *Gunderson,* 174 id. 499.

Deprivation of society, affection or counsel is not to be considered. The actual, probable pecuniary loss is all the statute covers and can be allowed for. *Mining Co.* v. *Linn,*

47 Kan. 469; *Railway Co.* v. *Webster,* 33 id. 543; *Seren-son* v. *Railway Co.* 45 Fed. Rep. 407.

Mr. JUSTICE CARTER delivered the opinion of the court:

The sole question urged on this appeal is the giving and refusal of the instructions referred to in the statement. Appellants contend that it is not the law of this State that where the next of kin are collateral kindred of the deceased and have received no pecuniary aid from him they can only recover nominal damages for his death, and that this court has never so held. The law upon which this action is based was passed by the legislature in substantially its present form in 1853. (Hurd's Stat. 1905, chap. 70, p. 1152.) As our statute is a copy of the New York statute of like import, it is urged that the construction placed upon it by the New York courts is authoritative and binding. This contention would have much force if the statute had been construed by the courts of last resort in that State before it was enacted here, but such was not the fact. The earliest decision cited by appellants construing the statutes as contended for by them was made in 1879. All the other decisions were of a later date. The rule is, that in adopting the statute of another State it is presumed that our General Assembly intended that it should receive the construction given it by the courts of the State from which it was adopted, previous to its adoption, unless such construction is in conflict with the spirit and policy of our laws. (*ReQua* v. *Graham,* 187 Ill. 67, and cases there cited.) The discussion as to the doctrine here under discussion in the courts of other States upon statutes similar to our own would have weight, even though handed down since this statute was enacted by our legislature, if this court had not already construed this statute.

The first case decided by this court that has any bearing on the case here under discussion is *City of Chicago* v. *Major,* 18 Ill. 349. It was there held that damages under

the act can only be for pecuniary loss, and not for bereavement; that such action is for those that have "a more or less direct pecuniary interest in the continuance of the life of the deceased." This statute makes pecuniary loss of the widow and next of kin the sole measure of damages. (*Chicago and Rock Island Railroad Co.* v. *Morris,* 26 Ill. 400.) In commenting on this last case in *Chicago and Alton Railroad Co.* v. *Shannon,* 43 Ill. 338, we said (p. 346) : "If, then, the next of kin are collateral kindred of the deceased and have not been receiving from him pecuniary assistance, and are not in a situation to require it, it is immaterial how near the relationship may be, only nominal damages can be given, because there has been no pecuniary injury. If, on the other hand, the next of kin have been dependent on the deceased for support, in whole or in part, it is immaterial how remote the relationship may be, there has been a pecuniary loss, for which compensation under the statute must be given." The doctrine in this case has been quoted with approval by this court in *Chicago and Northwestern Railroad Co.* v. *Swett,* 45 Ill. 197; *City of Chicago* v. *Scholten,* 75 id. 468; *Quincy Coal Co.* v. *Hood,* 77 id. 68; *Rockford, Rock Island and St. Louis Railroad Co.* v. *Delaney,* 82 id. 198; *Holton* v. *Daly,* 106 id. 131; *North Chicago Street Railroad Co.* v. *Brodie,* 156 id. 317; *Chicago, Peoria and St. Louis Railroad Co.* v. *Woolridge,* 174 id. 330.

The appellants insist that in none of these cases was the question of the right of collateral relatives to recover squarely raised except in the *Brodie case, supra,* and they contend that in that case, while the brother of the deceased was the surviving relative, the court decided that the intestate was shown by the evidence to be incapable of supporting himself, and that under such circumstances plaintiff could not have sustained pecuniary loss; that therefore the question here at issue did not there arise. In the *Brodie case* this court reviewed most of the authorities on the question in this State and manifestly sanctioned the doc-

trine quoted above from the *Shannon case.* The right of
collateral kindred was not directly involved in all of these
cases, but that this was understood to be the holding of this
court is evident from the repeated re-assertion of it in the
decisions quoted, as well as in the reference to it in *Conant
v. Griffin,* 48 Ill. 410, *Ohio and Mississippi Railway Co. v.
Wangelin,* 152 id. 138, *Chicago and Grand Trunk Railway
Co. v. Gaeinowski,* 155 id. 189, *Bradley v. Sattler,* 156 id.
603, *Baltimore and Ohio Southwestern Railway Co. v. Then,*
159 id. 535, *Chicago, Burlington and Quincy Railroad Co.
v. Gunderson,* 174 id. 495, *Chicago and Eastern Illinois
Railroad Co. v. Huston,* 196 id. 480, *Chicago and Eastern
Illinois Railroad Co. v. Beaver,* 199 id. 34, *Raisor v. Chicago
and Alton Railway Co.* 215 id. 47, and *United Breweries
Co. v. O'Donnell,* 221 id. 334. In Sutherland on Damages
(vol. 4, 3d ed. sec. 1276,) that author clearly understood
that to be the doctrine of this court, for, after quoting what
is quoted above in the *Shannon case, supra,* he continues:
"This reasoning is correct if no benefit from the eventual
distribution of the estate of the deceased, had he lived, is
to be taken into account. Any such benefit depends on
three contingencies: that he would have increased his es-
tate, that he would not have made a will to disinherit the
widow and next of kin, and that they would survive him.
These contingencies are so important as to preclude the re-
covery of more than nominal damages where the principal
fact in favor of the plaintiff is his heirship to the decedent."
Under this authority appellants could not recover on this
record, because they made no proof entitling them to re-
cover except heirship and except the proof as to the gratui-
tous legal services of deceased to his brother and sisters,
and this proof of legal services, in our judgment, is so
vague, uncertain and indefinite that on the evidence offered
it could not be held that there was pecuniary loss, such as
is contemplated by the statute, from the deprivation of such
services.

In *Law* v. *Grommes,* 158 Ill. 492, we quoted with approval from Anderson's Law Dictionary the following: "An expression of opinion upon a point in a case argued by counsel and deliberately passed upon by the court, though not essential to the disposition of the cause, if a dictum at all, is a judicial dictum as distinguished from a mere *obiter dictum,*—i. e., an expression originating alone with the judge who writes the opinion, as an argument or illustration." (See, also, 26 Am. & Eng. Ency. of Law,—2d ed.— 170, 171.) Without question these repeated statements of this doctrine in the decisions quoted did not originate alone with the judge who wrote them. This question was evidently fully argued in *North Chicago Street Railroad Co.* v. *Brodie, supra,* and was intended to be squarely decided. It will be noted that many of the authorities cited by appellants in their brief herein were cited in that case, including *Railroad Co.* v. *Barron,* 5 Wall. 90, relied upon so insistently by the appellants here. With the *Barron case* in mind, and the other authorities cited, manifestly the expressions of this court on the subject under discussion in the *Brodie case, supra,* are something more than mere *obiter dicta.* Text writers, the legal profession and the Appellate and trial courts of this State have for years understood it to be the settled doctrine of this court that where the next of kin are collateral kindred of the deceased and have not received pecuniary aid from him, and are not in a situation to require it, only nominal damages can be recovered. We have read with care the numerous authorities cited, and are fully aware that all courts are not in harmony on this question, but find nothing that would justify us in overturning the doctrine long established in this State.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*