THE PEOPLE *ex rel.* John R. Thompson, County Teasurer, Appellee, *vs.* FREDERICK P. READ, Appellant.

*Opinion filed February 20, 1908—Rehearing denied April 9, 1908.*

1. OBITER DICTUM—*expression of opinion on a point deliberately passed upon is not obiter dictum.* An expression of opinion by the Supreme Court in its decision upon a point deliberately passed upon by the court in determining the real issue in the case is binding as law, and is not a mere *dictum.*

2. SCHOOLS—*a high school tax cannot be levied in addition to full amount of general school tax.* Where the territory of a high school district is co-extensive with the territory of a common school district, the taxes levied by the high school board of education and the common school board must not, together, exceed two and one-half per cent upon the taxable property of the district in any one year. (*Russell* v. *High School Board of Education,* 212 Ill. 327, followed.)

APPEAL from the County Court of Cook county; the Hon. JOHN B. VAUGHN, Judge, presiding.

FREDERICK P. READ, *pro se.*

JESSE A. & HENRY R. BALDWIN, and E. J. PRICE, (FRANK L. SHEPARD, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of sale entered by the county court of Cook county against certain described land of appellant for delinquent high school tax levied by the high school board of education in school district 131, in said county.

The objection and proof showed that the territory comprising said high school district is co-extensive with that included in school district 131; that in July, 1906, the school board of said common school district levied a tax for school purposes upon the real estate in said district of $17,500 and for building purposes $6250, and the board of education of said high school district levied a tax for high school pur-

poses of $7500; that the county clerk extended substantially all of these taxes so levied; that $17,500 is a little more than two and one-half per cent of the assessed valuation of said district; that appellant paid all the taxes on said property except the part extended for high school purposes, which was $20.

It is contended by appellant, under paragraph 202 of chapter 122 of the School law, (Hurd's Stat. 1905, p. 1823,) that not exceeding two and one-half per cent can be levied upon the taxable property of any school district in any given year for educational purposes, and that as these two school boards practically act for the same school district, both together cannot levy in excess of this amount for educational purposes. Appellee contends that the two boards are separate and distinct, and that each can levy for educational purposes, under the above statute, two and one-half per cent of the assessed valuation in any given year.

Sections 38 to 42, inclusive, of article 3, chapter 122, on schools, (Hurd's Stat. 1905, pp. 1797, 1798,) provide for the creation of high schools and the election of boards of education therefor. This high school was established under the proviso of said section 42.

This court has recently had before it the consideration of the question as to whether this same high school district, under the control of a separate high school board of education, was authorized to incur an indebtedness in excess of the constitutional limitation of five per cent. (*Russell* v. *High School Board of Education*, 212 Ill. 327.) It was there held that the establishment of a high school under the control of a separate board did not authorize the district to incur an indebtedness in excess of the constitutional limitation, or give the high school board any greater power than was possessed by the authorities of the school district before the establishing of said high school. We there said (p. 330) : "There is no warrant for saying that when district No. 131 established a high school it became two dis-

tricts, the one within and co-extensive with the other or the one superimposed upon the other. The establishment of a high school by the school district under the control of a different board of education was a mere division of existing powers of the school district between two boards of education. What the new board of education can do, the district was already authorized to do through the existing board of education. If the legislature, by authorizing a school district to establish a high school, can also authorize it to incur indebtedness beyond the constitutional limit, they could get rid of all the restrictions of the constitution by authorizing the management of each grade or department of the public school by a different board of education, with different buildings. Such a construction of our constitution has never been adopted. Even if it could be said that there are two corporations covering the same territory, the creation of the new one would be nothing but a division or redistribution of existing powers under the School law."

Appellee admits that the reasoning in the case just referred to would make it impossible for an amount to be levied by both of these school boards in any given year for common school and high school purposes to exceed two and one-half per cent, but insists that so much of the decision as bears upon the powers of the school boards in that district, outside of the single question of the right of the two boards to authorize an indebtedness in excess of the constitutional limit of five per cent, was unnecessary for the decision and should not control here; that there is no constitutional limitation as to the tax rate that should be levied for any given year for educational purposes, and that therefore the legislature has power to authorize the two boards in this district each to levy two and one-half per cent. Were it not for the full discussion of the principles underlying this question in the *Russell case, supra,* we should deem it necessary to consider this contention of appellee. What was said there, however, on the question here involved must

233—23

be held to be an expression of opinion upon a point deliberately passed upon by the court and therefore something more than mere *obiter dictum.* (*Rhoads* v. *Chicago and Alton Railroad Co.* 227 Ill. 328.) After full consideration of the briefs and authorities presented, we see no sufficient reason for changing or modifying the views expressed in that case. We regard that decision as controlling here.

This high school tax being in excess of the two and one-half per cent authorized to be levied by the school authorities of this district, the objections should have been sustained by the county court. The judgment of that court will therefore be reversed and the cause remanded.

*Reversed and remanded.*