■ PATTY F. LARGO, as Administrator of the Estate of THOMAS LARGO, Deceased, Respondent, v FRANK FUNDARO et al., Appellants.—In a negligence action to recover damages for wrongful death and conscious pain and suffering, defendants appeal from a judgment of the Supreme Court, Richmond County, entered April 25, 1975, in favor of plaintiff, upon a jury verdict. Judgment affirmed, with one bill of costs jointly against appellants appearing separately and filing separate briefs. Under the proof in this record, there was a sufficient basis for holding both defendants negligent. The claim that the question of the contributory negligence of the decedent should have been submitted to the jury is without substance. At the trial, no proof was adduced as to contributory negligence; defendants raised no issue thereon, made no request to the Trial Judge to charge on this subject matter and took no exception to the charge as given. The testimony of the expert witness was properly received, but, even if erroneously allowed, it did not constitute prejudicial error under the facts of this case. In any event, no objection was taken thereto. In our opinion, upon the record on this appeal, the awards of $55,000 on the wrongful death cause of action and $55,000 on the pain and suffering cause of action were not excessive. The deceased, a 19-year-old college student, enrolled in a course of study in accounting, had in the past contributed 40% of his earnings from summer and part-time employment to his family. In addition, he remained hospitalized for several days and underwent surgery subsequent to the accident. Margett, Damiani, Shapiro and Hawkins, JJ., concur; Cohalan, Acting P. J., dissents and votes to reverse the judgment, grant the motion to set aside the verdicts, and grant a new trial as to the issue of damages only, unless plaintiff stipulates in writing to a reduction of the verdicts to the sums of $30,000 and $25,000, on the causes of action for wrongful death and conscious pain and suffering, respectively, with the following memorandum: The record reveals that plaintiff's intestate was a 19-year-old college freshman. After school hours he worked in a food store. During the summer he held down a second job with the parks department. For both jobs his approximate earnings were $150 per week. While earning that sum, he contributed $60 per week at home; he lived with his parents. During the remainder of the year he turned in $20 per week. His father paid for his college tuition. The young man was studying accountancy. EPTL 5-4.3 establishes the amount of recovery in a cause such as this. As pertinent, it states: "The damages awarded to the plaintiff may be such sum as the jury * * * deems to be fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought." By case law, the "fair and just compensation" has been held to include consideration of the age and sex of the decedent, his relationship to the one seeking the recovery, his earning capacity, his life expectancy, his health and intelligence and the number, age, sex and physical condition of his distributees. It does not include consideration of such items as parental grief, sentiment or loss of society. Here, sympathy must have played a disproportionate role in the reasoning which impelled the jury to arrive at its verdict. The young man, at the time of his death, was less than two years away from majority and had three years still to go in college. Since his parents were paying for his education, they were apparently self-supporting. If he had lived, the

probability that he would have remained at home for any extended period is remote. If a new and more equitable standard of damages is to be established, it is for the Legislature and not the judiciary to show the way. I favor reducing the verdict to a point which bears some relevancy to pecuniary or money damages, harsh as it may seem.