■ STANLEY BROOKMAN, Individually and as Administrator of the Estate of PAMELA BROOKMAN, Deceased, Respondent-Appellant, et al., Plaintiff, v PUBLIC SERVICE TIRE CORPORATION et al., Appellants-Respondents. — In a wrongful death action, the cross appeals are from a judgment of the Supreme Court, Kings County (Kartell, J.), entered March 31, 1981, which, upon a jury verdict,

is in favor of plaintiff Stanley Brookman, as administrator, and against defendants in the principal sum of $88,000. (The initial verdict was $200,000; it was reduced to $88,000 upon the jury's apportionment of liability at 56% as against the decedent and 44% as against the defendants.) Judgment reversed, on the law, without costs or disbursements, and, as between plaintiff Stanley Brookman, as administrator, and defendants, action severed and new trial granted, limited to the issue of damages only, unless within 20 days after service upon said plaintiff of a copy of the order to be made hereon, with notice of entry, he serves and files in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the judgment in his favor to the principal sum $44,000, and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended is affirmed, without costs or disbursements. The jury's apportionment of damages is affirmed. (The $44,000 is representative of the award after apportionment.) In view of the statutory mandate that, in a wrongful death action, the amount of recovery shall be measured by the "pecuniary" injuries to the persons for whose benefit the action is brought (see EPTL 5-4.3), the $200,000 verdict in this case, involving the death of a college student who was almost 19 years old, was excessive. (See *Largo v Fundaro,* 51 AD2d 769; *Livaccari v Zafonte,* 48 AD2d 20, app withdrawn 37 NY2d 807.) Where, as here, the action is brought for the death of a minor, "the absence of dollars and cents proof of pecuniary loss does not relegate the distributees to recovery of nominal damages" (see *Parilis v Feinstein,* 49 NY2d 984, 985). However, in this case the evidence does not warrant a $200,000 verdict. The decedent was a student and did not contribute any money to the household. Nor was there any evidence by which the jury could determine that any future contributions would be made. Accordingly, the verdict was excessive to the extent indicated. Additionally, the trial court properly denied the administrator's motion to set aside the apportionment of liability. The jury found that the decedent's conduct while driving her car contributed 56% to the resulting collision. The determination of a party's negligence is ordinarily a jury question. (See *MacDowall v Koehring Basic Constr. Equip.,* 49 NY2d 824.) The jury verdict that the decedent was 56% at fault should not be set aside unless it appears that the evidence so preponderates in favor of the administrator that such verdict could not have been reached by any fair interpretation of the evidence. (See *O'Boyle v Avis Rent-A-Car System,* 78 AD2d 431.) It cannot be said that based on the evidence adduced at trial the jury could not reasonably have found the decedent to be 56% negligent. Damiani, J. P., Lazer, Cohalan and Bracken, JJ., concur.