PHYLLIS C. SHEAHAN, Indiv. and as Special Adm'r of the Estate of Gregory P. Coghlan, Deceased, Plaintiff-Appellant, v. NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION *et al.*, Defendants-Appellees.

First District (3rd Division) No. 85—2803

Opinion filed July 30, 1986.

Goldstein, Simon, Briskman, Briskman, Trinley & Lamb, of Chicago, for appellant.

Hugh R. McCombs, Jr., and Elaine G. Fishman, both of Isham, Lincoln & Beale, of Chicago, for appellees.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, Phyllis C. Sheahan, special administrator of the estate of Gregory P. Coghlan, deceased, brought this action against Northeast Illinois Regional Commuter Railroad Corporation and others for the wrongful death of her decedent. She alleged that defendants' negligence proximately caused decedent's death resulting from injuries decedent received when his vehicle was struck by a train operated by defendants. The first amended complaint, *inter alia,* made claim on behalf of the decedent's brothers and sisters for their damages due to loss of companionship and loss of inheritance. These claims were stricken with prejudice by the trial court. This appeal followed. The appeal presents the question: Are siblings, as a matter of law, barred from any claims under the Wrongful Death Act (Ill. Rev. Stat. 1983, ch. 70, par. 1 *et seq.*) for loss of companionship or for loss of inheritance?

These are questions of statutory construction. Section 2 of the Act provides in relevant part that wrongful death actions:

"shall be brought by and in the names of the personal repre-

sentatives of such deceased person, and \*\*\* the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person. Ill. Rev. Stat. 1983, ch. 70, par. 2.

Defendants admit that siblings can qualify as next of kin under the Wrongful Death Act but argue that this is only the first step of a two-step process for testing claims presented under that Act. They argue that, "[h]aving identified and classified those persons who have standing to bring claims and those who may enjoy a beneficial interest under the Wrongful Death Act, it is now important to determine from the express language of the Act and construing case law just what interests are held by various classes of potential beneficiaries." The Wrongful Death Act uses the words "pecuniary injuries" to describe the losses or damages which are compensable under it. Defendants contend that siblings do not suffer pecuniary injury for loss of decedent's society under the Wrongful Death Act. Under the provisions of the Probate Act (Ill. Rev. Stat. 1983, ch. 110½, par. 2—1), only persons related to the decedent lineally are in the primary class of next of kin. Defendants contend that by analogy collateral heirs such as brothers and sisters "are mere contingent interest holders with no compensable interest [under the Wrongful Death Act] even if financially dependent upon the decedent." However, the fact that spouses and lineal heirs take precedence over siblings in the division of a decedent's estate under the Probate Act fails to convince us that siblings should be totally excluded as claimants under the Wrongful Death Act.

We agree with defendants' observation that the law has long recognized the unique emotional and financial interdependence between married persons and between persons related lineally, like parent and child. From this premise, defendants argue that compensable damages under the Wrongful Death Act are limited to those with marital or lineal relationships. Defendants opine that "society expects, and the law requires, \*\*\* that parents will care for their minor children, and that children will care for parents in their old age. No such special societal expectation or obligation exists with respect to the relationships between collaterals, including the relationship between adult siblings."

With all of this we are inclined to agree, but we decline to follow defendants' logically impermissible next step from this premise to the

conclusion that therefore as a matter of law brothers and sisters never suffer injuries compensable under the Wrongful Death Act for loss of consortium due to death of a sibling. The plain words of the Act do not require us to do so.

■ Defendants rely upon the case of *Prendergast v. Cox* (1984), 128 Ill. App. 3d 84, 88-89, 470 N.E.2d 34, wherein this court said:

"Illinois courts, in reviewing damages awarded under our Wrongful Death Act, traditionally have recognized that the relationship shared by lineal heirs is special, and have therefore drawn a distinction, for purposes of recovery, between lineal and collateral heirs. The established rule is that if the wrongful death action is brought for a surviving spouse or lineal next of kin, the law presumes substantial pecuniary damages arising from the relationship alone, and it is immaterial whether they received pecuniary assistance from the deceased in the past. Where, however, the next of kin are collateral heirs, their pecuniary damages are only such as are proved."

In the instant case, the trial court struck the claims presented on behalf of the decedent's brothers and sisters, thus cutting off opportunity for them to prove their pecuniary damages. Our holding that this was error is in accord with the above *Prendergast* statement of the law. In *Prendergast,* there was a jury trial. On appeal the first division of this court upheld the trial court's refusal to give instructions including as a matter of damages the loss of companionship and the loss of inheritance suffered by siblings. The refusal of the instruction could well have been deemed appropriate in view of the evidence adduced as indicated by the record on appeal. Defendants contend, however, that the holdings of *Prendergast* are that neither loss of decedent's society nor loss of inheritance gives siblings any pecuniary injuries compensable under the Wrongful Death Act. *Bullard v. Barnes* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228 is cited in the *Prendergast* opinion. In *Bullard,* the court held that parents are entitled to a presumption of pecuniary injury in the loss of a child's society. It provides no authority for excluding as a matter of law siblings from making such claims, as was done here.

■ Defendants cite the case of *Rhoads v. Chicago & Alton R.R. Co.* (1907), 227 Ill. 328, 81 N.E. 371, as holding that siblings cannot recover for lost expectancy of inheritance. A careful reading of *Rhoads* reveals no such rule. There, as in the case at bar, action was brought on behalf of siblings. There was a jury trial and a verdict of nominal damages of one dollar. In affirming the judgment on that verdict, our supreme court wrote:

"Text writers, the legal profession and the Appellate and trial courts of this State have for years understood it to be the settled doctrine of this court that where the next of kin are collateral kindred of the deceased and have not received pecuniary aid from him, and are not in a situation to require it, only nominal damages can be recovered." (227 Ill. 328, 337, 81 N.E. 371.)

Rather than aiding defendants' case, *Rhoads* establishes that collateral kindred of the deceased do have claims under the Wrongful Death Act, and under the stated factual conditions may recover more than nominal damages.

■ Defendants argue that when borne by brothers and sisters, pecuniary injuries due to diminution of decedent's estate are impermissibly speculative and therefore denied as a matter of law, citing *Rhoads*. But *Rhoads* held against the brothers and sisters not as a matter of law, but "because they made no *proof* entitling them to recover." (Emphasis added.) (*Rhoads v. Chicago & Alton R.R. Co.* (1907), 227 Ill. 328, 335, 81 N.E. 371.

We are not persuaded by defendants' argument that losses of companionship where suffered by brothers and sisters cannot be bases for claims under the Wrongful Death Act, because of the "intangible and highly speculative nature of this loss." Such claims are accepted when advanced by lineal kindred. (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 517, 468 N.E.2d 1228.) Perhaps when presented by next of kin collaterally related, such claims may present more problems of pleadings and proof but this is no reason to deny them. The legislature in the Wrongful Death Act provided for "fair and just compensation with reference to the pecuniary injuries resulting from such death, to the *** next of kin" without limitation as to the degree or nature of the kinship. We find no authority for our imposing one.

For the reasons stated above, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

RIZZI, P.J., and McGILLICUDDY, J., concur.