■ RONALD C. REGAN, Individually and as Administrator of the Estate of BRIAN E. REGAN, Deceased, Respondent, v LONG ISLAND RAIL ROAD COMPANY, Appellant, et al., Defendants.— In an action to recover damages for wrongful death and conscious pain and suffering, the defendant Long Island Rail Road Company appeals from so much of a judgment of the Supreme Court, Nassau County (Morrison, J.), dated August 6, 1985, as, upon a jury verdict, in favor of the plaintiff and against it in the principal sum of $220,000 ($110,000 representing damages for conscious pain and suffering and $110,000 representing damages for wrongful death).

Ordered that the judgment is modified, on the facts and as a matter of discretion, by reducing the principal sum awarded to the plaintiff to $110,000, representing damages for conscious pain and suffering and adding thereto a provision

severing the plaintiff's claim for damages for wrongful death and granting a new trial with respect thereto unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation signed by the plaintiff consenting to decrease the award of damages for wrongful death from the principal sum of $110,000 to the principal sum of $40,000, and to the entry of an amended judgment accordingly. As so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements. The plaintiff's time to serve and file a stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry. In the event the plaintiff so stipulates, then the judgment in his favor, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

In determining damages for conscious pain and suffering experienced in the interval between injury and death, when the interval is relatively short, the degree of consciousness, severity of pain, apprehension of impending death, along with duration, are all elements to be considered (see, Juiditta v Bethlehem Steel Corp., 75 AD2d 126).

The instant record reveals that the 15-year-old decedent suffered burns over 75% of his body following electrocution caused by his contact with 33,000 volts of electricity in a substation of the appellant. Upon electrocution, the decedent became "a ball of fire" and rolled on the ground while screaming for someone to help put the flames out. He remained engulfed in flames for several minutes until a bystander was able to reach him and extinguish the flames. Additionally, during the five days which ensued between his injury and death, aside from a brief period of time following the electrocution and the time period immediately prior to his death when he went into cardiac arrest, the decedent was conscious and suffered extensively from his injuries and from the painful burn treatment he received while at the hospital. While the interval between injury and death was relatively short, and the decedent's suffering may have been measured in days, it was the ordeal of a lifetime for which the appellant must be held responsible (see, De Long v County of Erie, 60 NY2d 296). Under the circumstances, the jury's finding of $275,000 for damages for conscious pain and suffering (of which the plaintiff was awarded 40% owing to the finding that the plaintiff's decedent was 60% at fault in the happening of the accident) cannot be said to have been excessive and should not be disturbed.

With respect to the award of damages for wrongful death, a reduction is warranted as damages in a wrongful death action are limited to fair and just compensation for the "pecuniary injuries" suffered by the distributees of decedent's estate (see, EPTL 5-4.3), and include loss of support, voluntary assistance, possible inheritance, as well as medical and funeral expenses incidental to death (see, Parilis v Feinstein, 49 NY2d 984; Odom v Byrne, 104 AD2d 863). While the Court of Appeals has noted, particularly in an action involving a child of tender years, that the absence of dollars-and-cents proof of pecuniary loss does not relegate the distributees to recovery of nominal damages only (see, Parilis v Feinstein, supra), clearly the finding that the plaintiff suffered damages of $275,000 for wrongful death in the instant case was excessive in view of the evidence that the decedent was a 15-year-old high school student who neither supported his parents nor contributed monetarily to the household (see, Brookman v Public Serv. Tire Corp., 86 AD2d 591).

Accordingly, the finding as to the damages sustained for wrongful death should be reduced from $275,000 to $100,000, of which the plaintiff is entitled to an award of 40%, for a net award of the principal sum of $40,000 for wrongful death. Mangano, J. P., Bracken, Brown and Spatt, JJ., concur.