#24649-a-SLZ

**2008 SD 39**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

JAMES W. OLSON, IN HIS CAPACITY
AS THE PERSONAL REPRESENTATIVE
OF THE ELDA L. CARLSON ESTATE,                 Plaintiff and Appellant,

  v.

THE GLENN E. OLSON ESTATE AND
WAYNE A. OLSON, IN HIS CAPACITY
AS THE PERSONAL REPRESENTATIVE
OF THE GLENN E. OLSON ESTATE,                 Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
CLAY COUNTY, SOUTH DAKOTA

* * * *

HONORABLE ARTHUR L. RUSCH
Judge

* * * *

THOMAS E. ALBERTS
Avon, South Dakota                          Attorney for plaintiff
                                            and appellant.


CRAIG K. THOMPSON
Vermillion, South Dakota                    Attorney for defendants
                                            and appellees.

* * * *

CONSIDERED ON BRIEFS
ON APRIL 21, 2008

OPINION FILED **06/04/08**

#24649

ZINTER, Justice

[¶1.]          Glenn E. Olson and his sister Elda L. Carlson died in a single-car accident.  Elda's Estate subsequently sought recovery of a claimed loss of prospective inheritance from Glenn's Estate.  Elda's Estate contended Glenn was negligent, and Elda's wrongful death beneficiaries were entitled to recover the prospective inheritance that Elda would have received from Glenn's Estate had she survived the car accident and died later.  This claim was asserted even though Glenn's will expressly disinherited Elda if she did not survive Glenn for thirty days.  The circuit court granted summary judgment in favor of Glenn's Estate, concluding that the prospective inheritance claim never vested and was too remote and speculative.  We affirm.

## I.

[¶2.]          On August 3, 2002, Glenn Olson was operating an automobile owned by his sister Elda, who was a passenger.  Glenn and Elda were involved in a single car accident causing their deaths.  Glenn died testate.  Under his will, much of Glenn's estate passed to Elda, and some passed to Glenn's "nephews and nieces . . . in equal shares, share and share alike . . . all of which shall be subject to a life estate in my sister, Elda Carlson."  Glenn's will further provided, however, that if a beneficiary died within thirty days of Glenn's death, the beneficiary was deemed to have predeceased him.[1]

---

1.      The will provided:  "I further direct that if any of the beneficiaries named in this Will shall die within thirty (30) days of the date of my death, that this Will shall be construed as if such beneficiary had predeceased."

-1-

[¶3.] Elda's Estate brought this suit claiming under both survivorship[2] and wrongful death causes of action. The complaint stated the suit was brought "for the benefit of [Elda's] estate and decedent's surviving next of kin." With respect to wrongful death, the complaint asserted that: the accident was caused by Glenn's negligence; Elda (age sixty-eight) had a life expectancy of fifteen years; her premature death deprived her nieces and nephews of comfort, society, counsel and enjoyment, valued at a minimum of $100,000; and because of Glenn's negligence, Elda's Estate's beneficiaries were deprived of the benefits of Glenn's will, in an amount of approximately $250,000.

[¶4.] Elda's Estate argued that a jury question existed whether, but for Glenn's negligence, Elda would have outlived Glenn by more than thirty days, thereby entitling Elda's wrongful death beneficiaries to claim the share of Glenn's Estate. Elda's Estate acknowledged that Elda did not survive Glenn by thirty days and was therefore disinherited under the will's common disaster clause. Elda's Estate argued, however, that the common disaster clause should not be enforced because a jury should determine whether Glenn intended the clause to disinherit Elda when Glenn caused her death.

[¶5.] The circuit court granted summary judgment, concluding that "under South Dakota law, [ ] [Elda] had, at best, a future contingent interest that never vested." The circuit court also concluded the claim was too speculative. Elda's Estate appeals asserting that Elda's prospective inheritance is a recoverable

---

2. The survival claim was settled. Thereafter, the circuit court's wrongful death ruling became a final judgment subject to appeal.

element of damages in a wrongful death action brought by Elda's Estate on behalf of Elda's wrongful death beneficiaries. In reviewing the summary judgment, we "determine whether the moving party demonstrated the absence of any genuine issue of material fact and [established] entitlement to judgment on the merits as a matter of law." Behrens v. Wedmore, 2005 SD 79, ¶18, 698 NW2d 555, 565.

II.

*Prospective Inheritance*

[¶6.]        Elda's Estate's recovery is governed by South Dakota's wrongful death statute. SDCL 21-5-7 provides, "[i]n every action for wrongful death the jury may give such damages as they may think proportionate to the pecuniary injury resulting from such death to the persons respectively for whose benefit such action shall be brought." Elda's Estate's sole authority for one estate's recovery of a prospective inheritance against another estate under a wrongful death statute is a Delaware unpublished trial court opinion, *Wilgus v. Estate of Law*, 1996 WL 769335 (DelSuperCt 1996).

[¶7.]        In *Wilgus*, Law was driving a car in which Wilgus was a passenger. Both Law and Wilgus were killed in an accident when Law failed to yield the right of way to another vehicle. Wilgus's estate brought a wrongful death action seeking damages for loss of prospective inheritance. Law's estate contended that as a matter of law, claims for prospective inheritance were prohibited. *Wilgus*

extensively analyzed the issue, citing the authorities allowing[3] and disallowing[4] a

wrongful death recovery for prospective inheritance. Applying Maryland law, the

3. *Wilgus* cited the following cases allowing recovery:

> Bodrug v. United States, 10th Cir, 832 F2d 136, 138-39 (1987)
> (applying Utah law); O'Toole v. United States, 3d Cir, 242 F2d
> 308 (1957) (applying Delaware law); Moss v. Beechcraft, Inc.,
> W.D. Mo., 562 FSupp 873 (1983) (applying Missouri law);
> Schaefer v. American Family Mut. Ins. Co., WiscSupr, 531
> NW2d 585 (1995); Kulawik v. Era Jet Alaska, d/b/a Era
> Helicopters, Inc., Alaska Supr., 820 P2d 627 (1991); Regan v.
> Long Island R.R. Co., N.Y. App. Div., 512 NYS2d 443 (1987);
> Sheahan v. Northeast Ill. Regional Commuter R.R. Corp., Ill
> AppCt, 496 NE2d 1179 (1986); Yowell v. Piper Aircraft Corp.,
> Tex. Supr., 703 SW2d 630 (1986); Ford v. Board of County
> Commissioners, ColoCtApp., 677 P2d 358 (1983); Reynolds v.
> Willis, DelSupr, 209 A2d 760 (1965) (approving O'Toole);
> Salinas v. Kahn, ArizCtApp., 407 P2d 120 (1965), modified, 409
> P2d 64; Frazier v. Ewell Engineering & Contracting Co., Fla
> Supr, 62 So2d 51 (1953); Van Wie v. United States, D.C. Iowa,
> 77 FSupp 22 (1948) (applying Iowa law); Luis v. Cavin,
> CalCtApp, 198 P2d 563 (1948); Adams v. Severance, NHSupr,
> 41 A2d 233 (1945); Denton v. Midwest Dairy Products Corp.,
> IllCtApp, 1 NE2d 807 (1936); Nordlund v. Lewis & Clark R. Co.,
> OrSupr, 15 P2d 980 (1932); Denver & R.G.R. Co. v. Spencer,
> Colo. Supr., 61 P 606 (1900).

*Wilgus*, at *6, n9. O'Toole v. United States, 242 F2d 308 (3rdCir 1957), cited
above, recognized additional authorities and states permitting a prospective
inheritance claim, including:

> Florida, United States v. Compania Cubana De Aviacion,
> SA, 5Cir, 1955, 224 F2d 811; Dina v. Seaboard Air Line
> R. Co., 1925, 90 Fla 558, 106 So 416 . . . Missouri, Bagley
> v. St. Louis, 1916, 268 Mo 259, 186 SW 966 (brothers and
> sisters of deceased may recover their probable shares of
> accumulations) . . . Texas, International-Great Northern
> R. Co. v. Acker, TexCivApp 1939, 128 SW2d 506, 525
> (children may recover for loss of prospective
> accumulations); Utah, Parmley v. Pleasant Valley Coal
> Co., 1924, 64 Utah 125, 228 P 557 (child recovered lost
> inheritance); Spiking v. Consolidated Ry. & Power Co.,

(continued . . .)

*Wilgus* court concluded that the Maryland wrongful death statute allowed recovery if there was sufficient proof of a lost inheritance:

> [L]oss of inheritance is clearly a pecuniary loss and is recoverable under the applicable wrongful death statute, *provided that there is sufficient evidence to support properly such damages and avoid excess speculation. This approach permits recovery by those parties who are able to offer sufficient proof of a prospective inheritance,* while denying recovery to those who make general or unverifiable claims.

*Id.* at \*7 (emphasis added). The decision in *O'Toole v. United States*, 242 F2d 308 (3rdCir 1957), cited in *Wilgus,* indicated commentators generally agree that when proved, a loss of prospective inheritance is recoverable. *Id.* at 312, citing

_____

(. . . continued)

> 1908, 33 Utah 313, 339, 93 P 838, 847; and Wisconsin, Tidmarsh v. Chicago, M. & St. P. Ry. Co., 1912, 149 Wis 590, 136 NW 337.

*Id.* at 313, n1.

4.  *Wilgus* cited the following cases as adhering to the minority rule denying recovery:

> Wilson v. United States, E.D. Va., 637 FSupp 669, 673 (1986) (applying Virginia law); Baker v. Slack, MichSupr, 30 NW2d 403 (1948); Hodkinson v. Parker, SDSupr, 16 NW2d 924 (1944); Baltimore & P. R. Co. v. Golway, DCCir., 6 AppDC 143 (1895). *But see* Brown v. Department of State Highways, MichCtApp, 337 NW2d 76, 77 (1983) (noting that it is an open question whether the Baker decision retained its viability after the amending of Michigan's wrongful death statute).

> 1996 WL 769335, \*6, n9. *See also* Alden v. Maryanov, 496 FSupp 547, 551 (DMd 1976).

#24649

McCormick, Damages 350 (1935); 5 Sutherland, Damages § 1265 (4th ed. 1916);

Sedgwick, Measure of Damages § 574a (9th ed. 1920).[5]

[¶8.]     In this case, we need not decide whether recovery of a prospective

inheritance will be recognized in South Dakota.  The question need not be decided

because, even if recognized, Elda could not have proved that she had such a claim.

She had no claim to a prospective inheritance because Glenn's will contained a

common disaster clause expressly providing that Elda was entitled to no

inheritance unless she survived Glenn by thirty days, a fact that did not occur.

Therefore, under Glenn's will, Elda was considered to have predeceased Glenn, and

Elda was entitled to no inheritance.  Thus, Elda's Estate could prove no loss of

prospective inheritance as a matter of law.

[¶9.]     Although Elda's Estate contends that the common disaster clause

should be set aside to create a prospective inheritance expectancy, Elda's Estate

cites no authority supporting that request.  There is also no support for the

argument that summary judgment was improper because a jury question exists

---

5.     *Wilgus* cited the following secondary authority and statute, also allowing
       recovery:

> Speiser, RECOVERY FOR WRONGFUL DEATH AND
> INJURY § 3.40; 22A AmJur 2d Death § 244 (1988);
> Annotation, Wrongful Death Damages for Loss of
> Expectancy of Inheritance from Decedent, 91 ALR2d 477
> (1963 and suppl. 1996).  At least one state has codified
> loss of prospective inheritance as a recoverable element
> of damages.  *See* Ohio Rev. Code Ann. § 2125.02
> (Anderson 1996).

1996 WL 769335 at *6, n9.

regarding Glenn's intent to apply the common disaster clause to Elda. We have consistently provided that in construing wills, "[if] the intent is clear from the language used, that intent controls." *In re* Estate of Klauzer, 2000 SD 7, ¶9, 604 NW2d 474, 477.

[¶10.]     Glenn's will contained a common disaster clause that was clearly expressed. Furthermore, these clauses are universally understood to apply in accidents like the one that occurred in this case. As the circuit court recognized:

> [Glenn] did, by putting that clause in his will, address and indicate that he did foresee the possibility of a common disaster. While he may not have specifically seen this, he clearly indicated his intent that if they were to die in a common disaster . . . that it was not to go to [Elda], but was to go on to the surviving heirs.

We agree and apply the unambiguous language of the clause without resorting to extrinsic evidence of intent. *Id.* ¶14, 604 NW2d at 478. Applying the language of the common disaster clause, Elda had no claim to a prospective inheritance under Glenn's will. Therefore, her estate's wrongful death claim, even if recognized, fails as a matter of law.

### *Appellate Attorney Fees*

[¶11.]     The personal representative of Glenn's Estate moved for appellate attorney fees from the personal representative of Elda's Estate. An award of appellate attorney fees is permissible if the attorney fees are otherwise allowable and if they are accompanied by a verified, itemized statement of the legal services rendered. Schaefer ex rel. S.S. v. Liechti, 2006 SD 19, ¶20, 711 NW2d 257, 264; Stratmeyer v. Engberg, 2002 SD 91, ¶29, 649 NW2d 921, 928. This motion is accompanied by an itemized and verified statement of the costs incurred, and the

personal representative of Elda's Estate has not objected to the motion. We award attorney fees in the amount of $3,000.

[¶12.]     Affirmed.

[¶13.]     GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and MEIERHENRY, Justices, concur.